THE McCORD & NAVE MERCANTILE COMPANY, Appellant, v. T. W. BETTLES, Defendant; W. A. DISBROW, Garnishee, Respondent.

Kansas City Court of Appeals, May 14, 1894.

1. **Attachment:** NATURE OF THE PROCEEDING: PUBLICATION: RES. An attachment is in the nature of, but not strictly, a proceeding *in rem.* The court has no jurisdiction over a debtor when notified by publication and does not appear. The jurisdiction in such case depends upon whether there is a *res*—property brought into court—upon which it can act.

2. ———: GARNISHMENT: WHAT SUBJECT TO. Indebtedness, to be the subject of garnishment, must be certain, without contingency, condition precedent or impediment of any sort between the garnishee's liability and the defendant's right to be paid, such as the attaching creditor himself can not remove.

3. ———: ———: PROPERTY MORTGAGED TO GARNISHEE. At the time of the service of the garnishment the garnishee held under mortgage certain chattels of the defendant to secure the payment of the latter's debt to the former. *Held,* whether garnishee would ever owe defendant anything depends upon a future contingency of the garnishee foreclosing the mortgage and the property bringing a surplus over the debt; and this impediment the plaintiff could not remove but it would require an equitable proceeding to enforce the mortgagee's duty.

4. **Garnishment:** NATURE OF DEBT. Existing legal credits which are due or to become due by the efflux of time may be impounded by garnishment, but equitable debts can not be so reached.

5. **Attachment:** GARNISHMENT: NO JURISDICTION. In an attachment proceeding served by publication alone without appearance of the defendant, the serving of a notice of garnishment upon the defendant's mortgagee who has not at the time of such service foreclosed his mortgage so that it is uncertain whether the garnishee is indebted to the defendant or not will confer no jurisdiction upon the court, unless other property is seized or brought before the court by other proceedings; and the fact that between the time of service and the time of answering, the garnishee forecloses his mortgage and shows in his answer a surplus over his debt in his hands, going or due to the defendant, will not cure the want of jurisdiction, and the garnishee should be discharged.

6. **Garnishment:** JURISDICTION: RIGHT AND LIABILITY OF GARNISHEE. It is the duty and the right of the garnishee to make the defense of a want of the jurisdiction in the court; and if, failing to do so, he submits to judgment and discharges the same, debt will not be discharged as to the defendant.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Gage, Ladd & Small* for appellant.

We submit that nothing can be clearer than that, under the law of this state, a garnishee must respond, not only for what he owes the defendant at the time of the service of the garnishment, but also for what debts he may owe at any time after the service of the garnishment up to the time of filing his answer. This is so, for the simple reason that the statute expressly, and in good, set terms, so provides. R. S. 1889, secs. 5221, 5225, 5235, 5236. The case of *Beckham v. Carter*, 19 Mo. App. 596, which was relied upon in the court below, is not in point. *Spengler v. Kaufman*, 43 Mo. App. 15; 8 Am. and Eng. Encyclopedia of Law, p.

1199, note 1. (2) After this surplus came into existence in the hands of the garnishee or mortgagee, it was a legal demand and debt, not only owing but due, for which the defendant could have, sued him, and consequently it was subject to garnishment. *Casebolt v. Donaldson*, 67 Mo. 309, 312.

*Lathrop, Morrow, Fox & Moore* and *J. B. Hamner* for respondent.

We submit that nothing is better settled than that under the law of this state the equitable right of a mortgagor can not be reached by the process of garnishment. An entire and complete answer to appellant's contention is found in the case of *Beckham v. Tootle, Hanna & Co.*, 19 Mo. App. 604; *Sheedy v. Bank*, 62 Mo. 17; *Lackland v. Garesche*, 56 Mo. 267; *Boyce v. Smith*, 16 Mo. 317; *King v. Bailey*, 8 Mo. 332; Drake on Attachments, sec. 539.

SMITH, P. J.—Plaintiff commenced a suit by attachment against defendant. The notice to defendant was by publication. Disbrow was summoned as garnishee, and in answer to the interrogatories propounded to him by plaintiff, stated that defendant had given him a mortgage, over due at the time of the garnishment, on certain chattels to secure a certain indebtedness to him, and that since then the said chattels had been sold, and that the amount realized in excess of the amount required to discharge the mortgage debt was $198.74. The garnishee further answered that after the sale of said mortgaged chattels and the coming into his hands of said excess that he had been garnished in an attachment suit of Riley, Wilson & Co. against defendant. There was a trial on the issues made in the garnishment proceedings

which resulted in judgment for the garnishee, from which plaintiff has appealed.

The plaintiff by its appeal complains of the action of the trial court in refusing to declare, as a matter of law, that on the pleadings and the evidence the verdict should be for it. The exception of the plaintiff to the action of the court in refusing this instruction raises the only question in the case which we have to decide.

An attachment is in the nature of, but not strictly, a proceeding *in rem*. A court has no jurisdiction over the debtor as a party when he has been merely notified by publication and has not heeded the notice. It has jurisdiction over the property brought into court, and over that only. The jurisdiction of the court in such cases depends upon whether there is a *res* upon which it can act. If the sheriff finds no·property which he can seize under the writ, and does not succeed in impounding any property or credits of the debtor by the service of the process of garnishment, in the hands of the garnishee, then there is nothing upon which the jurisdiction of the court can act in the case. As stated in section 89, in Drake on Attachments, if there be neither person nor thing for the jurisdiction to act upon, the whole proceeding necessarily falls. "Indeed, when there is no personal defendant, the very existence of any suit at all depends upon the bringing of the property into court. Though the petition has been filed with a prayer for the attachment of any property of the debtor that may be found; though the affidavit and bond have been filed and the writ duly issued, if the sheriff makes return that no property has been found, the suit at once abates; or, to speak accurately, everything already done is nugatory, and there has been really no suit from the first." Waples on Attachment and Garnishment, 8.

If the sheriff has not actually seized any prop-

erty of the defendant under the writ but has served notices of garnishment on debtors of the defendant who have in their possession goods, moneys or effects of his, or who are legally indebted to him, this will afford a basis for the jurisdiction of the court. R. S., sec. 2518. The jurisdiction in this case depends upon whether Disbrow, who was summoned as a garnishee, was then a debtor of defendant, or had in his possession *at the time of the service of the garnishment* any goods, moneys or effects of defendant which could be lawfully impounded in his hands by such process.

The garnishee insists that his indebtedness at the time of the service of the notice was uncertain and depended upon a contingency that might never have arisen, for the reason that the chattels covered by his mortgage might not have been sold at the foreclosure sale for enough to have satisfied such mortgage, and that, therefore, the debt was not the subject of garnishment. Indebtedness to be the subject of garnishment must be certain, not depending upon contingency. There must be no condition precedent, no impediment of any sort between the garnishee's liability and the defendant's right to be paid such as the attaching creditor himself can not remove. *Beckham v. Tootle*, 19 Mo. App. 604; Drake on Attachment, sec. 551; Waples on Attachment and Garnishment, sec. 97. At the time of the service of the garnishment, Disbrow, the garnishee, owed the defendant nothing. Whether he would ever owe him anything depended entirely upon the future contingency as to whether the garnishee would proceed a step further in selling the chattels, and if he did, whether there would be any surplus remaining after satisfying the debt. The plaintiff could not remove this impediment. It would require an equitable proceeding to enforce the duty of the mortgagee.

In *Sheedy v. Bank*, 62 Mo. 17, it was said: "The statute evidently contemplated, that, in order to render a person liable as garnishee, the debt which he owed the defendant should be of such character that *upon being served with process* he might pay the amount without being compelled to await the determination of a chancery proceeding requiring an adjustment of accounts between parties and partnerships." *Sheedy v. Bank*, 62 Mo. 25. And it was ruled by us that to sustain an attachment the debt must be of such nature as will sustain an action at law, and that equitable debts are not sufficient to ground an attachment on. *Buchanan v. Lewis*, 27 Mo. App. 81. We think the rule may now be regarded as fairly settled that the process of garnishment is confined to arresting and impounding in the hands of the garnishee at the time of the notice, existing legal credits which are due or to become due by the efflux of time as contradistinguished to those that are contingent or equitable in their nature. *Beckham v. Tootle, supra*; *Atwood v. Hale*, 17 Mo. App. 81; *Lackland v. Garesche*, 56 Mo. 267; *Boyce v. Smith*, 16 Mo. 317; *King v. Bailey*, 8 Mo. 332; Drake on Attachments, secs. 539, 463, 480; Freeman on Executions, 159, 160.

It must inevitably follow from the foregoing considerations that the garnishment did not have the effect to attach any personal property, money or credits of the defendant in the garnishee's possession or under his control at the time of the service of the notice thereof, and therefore there was no *res* brought within the grasp of the court upon which its jurisdiction could act. The attachment and garnishment were so far *coram non judice*.

But the plaintiff contends that, under the provisions of sections 5121, 5225, 5235 and 5236, the garnishment can be upheld because even if the demand of the defend-

ant against the garnishee was contingent and equitable at the time of the notice, that subsequently thereto, but before the garnishee was required by the statute to file his answer that it became legal and certain and subject to attachment in his hands. It is quite true that the statute provides that any property, credits, etc., which may come into the possession of the garnishee or under his control or be owing by him between the service of the notice and the time of filing the answer shall be subject to the garnishment. But this statutory rule of liability is inapplicable in a case like this where the court was without jurisdiction in the case at the time the garnishee's liability became one that process of garnishment could intercept.

If there had been a seizure by the sheriff of any property or effects of defendant, or if the garnishee at the time of the notice had been legally indebted to the defendant in any amount of money, however small, or if the garnishment had been served on any other debtor of the defendant who was legally indebted to the defendant at the time of the notice, then there would have been a *res* which would have afforded a foundation for the jurisdiction of the court, so that when the garnishee's liability subsequently became legal and fixed the notice which had been previously given him would have had the effect to attach the amount in his hands. If in the first instance the court, by its writ or the notice of garnishment—by its judicial tentacles, had reached any money, property or effects of the defendant which it could intercept and thus afford a basis for jurisdiction, then later on when the garnishee's liability crystallized into a legal indebtedness to defendant we have no doubt that the notice would have had the effect to attach the same in the garnishee's hands. But for want of jurisdiction the entire action had fallen and was then as if it had never been commenced. It was a

mere legal abortion having no life or vitality. The court had not acquired the requisite jurisdiction to keep the notice alive until the return of the writ of attachment so that it could attach to any money coming into the garnishee's hands between the time of the notice and the time when he was required to answer.

If the jurisdiction is exercised without any legal foundation being laid for it the whole proceeding is void and no property or credits of the defendant can be alienated through it and if the garnishee without interposing this defense voluntarily submit to judgment for the amount in his hands the subsequent payment thereof will not have the effect to discharge the debt as to the defendant who has a right to have his property taken from him conformably to law. Drake on Attachments, sections 691 to 695. It was the duty and the right of the garnishee to make the defense of want of jurisdiction in the court. *Smith v. McCutchen*, 38 Mo. 416; Drake on Attachments, section 695.

The circuit court did not, therefore, err in its action refusing to declare the law as asked by plaintiff, and, therefore, its judgment will be affirmed. All concur.