BERNHARD F. SCHUBERT, Appellant, v. LUDOLPH HERZBERG *et al.*, Defendants; AUGUST SPIES, Garnishee; BOTSFORD & WILLIAMS, Interpleaders, Respondents.

Kansas City Court of Appeals, March 23, 1896.

1. **Garnishment:** UNLIQUIDATED DAMAGES: JUDGMENT. Though at the time of the service of garnishment the garnishee's liability to the defendant in the execution was an unliquidated claim for damages arising out of tort and then not subject to garnishment, yet, if prior to the answer of the garnishee said claim is merged into a judgment and thereby becomes a definite debt, the garnishment process is valid and binding. *Mercantile Company v. Battles*, 58 Mo. App. 384, distinguished.

2. **Torts.:** ASSIGNMENT: JUDGMENT. A mere claim of damages for personal tort is, in law, nonassignable and can only be assigned when it has been merged into a judgment; and an attempted assignment of a cause of action in tort and a judgment obtained thereon becomes effective to transfer the judgment as soon as it is rendered.

3. **Garnishment:** ASSIGNMENT: PRIORITY. A plaintiff in an execution who secures service of a garnishment for an unliquidated claim for personal tort, and an assignee of a cause of action for the same tort and the judgment to be obtained thereon, are both assignees of the tortfeasors, and their priority would probably be determined by their priority in time of the service of the garnishment and the delivery of the assignment.

4. **Attorney and Client:** ASSIGNMENT: JUDGMENT TO BE OBTAINED: GARNISHMENT. An attorney agreed with his client to prosecute a suit for personal tort for a per cent of the judgment to be obtained; and after the tortfeasor in the cause had been served with notice of garnishment in an execution against his client, but before the judgment, he took an assignment of the judgment; *held*, the assignment operated as a present contract to take effect and attach as soon as the judgment came into being and was good against the client; and the attorney's rights must prevail over the plaintiff in the garnishment.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*E. Wright Taylor* for appellants.

(1) In the absence of a different or specific method prescribed by law, garnishment is the proper remedy whereby to subject one judgment debt to the payment of another judgment debt under execution. R. S. 1889, chap. 92 of Judgments, 63 of Executions, and 74 of Garnishments, secs. 5218, 5221, 5229, 5244; 2 Wade on Attachments, 1886, secs. 492, 497; 8 Am. and Eng. Encyclopedia of Law, pp. 1163, 1169 to 1172; 12 Am. and Eng. Encyclopedia of Law, p. 149n, note 4. (2) The assignments being made before rendition of judgment and of a claim for injuries to the person, are void. 2 Freeman on Judgments [4 Ed.], sec. 425; *Rice v. Stone*, 1 Allen, 566; *Lawrence v. Martin*, 22 Cal. 174; *Gamble v. Railroad*, 80 Ga. 595. (3) The garnishment is effective although served before rendition of judgment. 80 Ga., above cited, p. 601; Code of Ga., sec. 3536 A; sec. 3536 B; R. S. 1889, secs. 5218, 5221, 5244. (4) The assignee of a judgment takes the same subject to all equities and occupies no better position than the assignor. 2 Freeman on Judgments, [4 Ed.] secs. 427, 428, 429.

*James S. Botsford* and *Marcus T. C. Williams* for respondents.

(1) Appellant failed to show any judgment in support of the execution under which the garnishment against Spies was attempted to be levied. The court therefore rightfully found for the interpleader. The execution was incompetent, as against the interpleaders, to establish any right to garnishment thereunder, unless the judgment under which it purported to be issued, was produced and proven. *Ramsey v. Waters*, 1 Mo. 406–407; *Lee v. Lee*, 21 Mo. 534; *Wilson v. Conine*, 2 Johns. (N. Y.) 280. (2) The attempted garnishment of Spies, before verdict or judgment against him in favor of Herzberg, was absolutely void. Where the claim of defendant, against the garnishee, rests in unliquidated damages, in no case can the garnishee be madeliable. *Eddy v. Heath's Garnishees*, 26 Mo. 145–146; *Ranson v. Hay's Garnishee*, 39 Mo. 450; Drake on Attachment [5 Ed.], sec. 548, and cases cited; 2 Wade on Attachments, sec. 447, and cases cited; R. S. 1889, sec. 543, sub. V; R. S. 1889, secs. 5218, 5221; *Cable v. McCune*, 26 Mo. 371; *Gibson v. Gibson*, 43 Wis. 23–36; *Mercantile Company v. Bettles*, 58 Mo. App. 385–391, and cases cited; *Selhemier v. Elder*, 98 Pa. St. 154, 158. (3) The assignment of the judgment to be rendered in the cause of *Herzberg v. Spies*, for personal injuries, to respondents, under an agreement made at the time of the commencement of the action, for legal services to be rendered therein, was valid, and the moment the judgment was rendered Spies became the debtor of respondents and not of Herzberg. Freeman on Judgments [4 Ed.], sec. 425, and cases cited; *Weir v. Davenport*, 11 Iowa, 52. And respondents, having fully performed the legal services,

which were the consideration for the assignment, before the garnishment, and under an agreement for such assignment made when the action was commenced, became thereby the equitable assignees of the judgment, and were entitled to a legal assignment, when rendered, as against the assignor. *Black v. Long*, 60 Mo. 181; *Park v. Bank*, 97 Mo. 133; *Knapp v. Standley*, 45 Mo. App. 269. And the fact that the claim, upon which the action was based, was for unliquidated damages for a tort, would not deprive respondents of the right of enforcing their agreement against Herzberg. *Williams v. Ingersolls*, 89 N. Y. 508–526, and cases cited; *Paton v. Wilson*, 34 Pa. St. 299; *Fairbanks v. Sargent*, 117 N. Y. 320–330. The attaching creditor stands exactly in the shoes of the debtor, and takes the judgment in the condition it was in his hands at the time the judgment was rendered. *Paton v. Wilson, supra; Philadelphia v. Lockhart*, 73 Pa. St. 217; *Scales v. Hotel Company*, 37 Mo. 524; *McPherson v. Railroad*, 66 Mo. 103; *Tent Company v. Bank*, 57 Mo. App. 19; *McQuarry v. Geyer*, 57 Mo. App. 213.

GILL, J.—In the year 1889, Schubert recovered a judgment for $750 against Herzberg. On August 31, 1894, Herzberg recovered a judgment against Spies for the sum of $500. This latter action was based on an assault and battery committed by Spies on the person of Herzberg. Botsford & Williams, as attorneys, prosecuted the suit for Herzberg, under an agreement entered into when the action was commenced, that they should have, for their services, forty per cent of the judgment recovered.

While the case of *Herzberg v. Spies* was on trial (Aug. 30, 1894), Schubert sued out an execution on his judgment against Herzberg and had Spies gar-

nished.   Immediately thereafter, and before the jury had returned a verdict in *Herzberg v. Spies*, Botsford & Williams procured from Herzberg a written assignment of whatever judgment might be rendered against Spies; and at once, upon the rendition of this judgment, the assignment to Botsford & Williams was attached to the record entry.

Spies, as garnishee in the execution in case of *Schubert v. Herzberg*, in due time made answer, setting up the conflicting claims of Schubert and Botsford & Williams; and thereupon the latter appeared in the garnishment proceeding and filed an interplea, claiming title to the attached judgment.   It is proper to say further that under a claim made by Herzberg, $300 of the Spies judgment was set off to Herzberg, as exempt from execution.   So that the amount of the judgment remaining was only $200, and this is the amount now in controversy between Schubert (Herzberg's judgment creditor) and Botsford & Williams, who claim the same by virtue of the arrangement they had with Herzberg.

On trial of the issues thus made between Schubert and Botsford & Williams, the circuit court, without the aid of a jury, decided the same in favor of Botsford & Williams, and Schubert appealed.

In deciding this case, it becomes necessary to determine what rights the respective parties obtained to the property in dispute; and if both secured some rights, which of the two is entitled to priority.   We find little difficulty in arriving at the conclusion, other matters excluded, that Schubert pursued a proper and legal mode of subjecting the Spies judgment to the payment of his (Schubert's) judgment against Herzberg.   While at the time notice of garnishment was served on Spies, his liability to Herzberg was because of an unliquidated and uncertain claim for damages,

arising out of a personal tort, and, therefore, not *then* a subject of garnishment; yet, shortly after service of the garnishment notice, and before the garnishee had filed his answer, this unliquidated claim for personal injuries was merged into a judgment; and this then became matured into a certain and definite debt, owing by the garnishee to the execution defendant. The statute declares that the notice of garnishment not only reaches such debts as the garnishee may owe the defendant *at the time of the notice*, but as well shall have the effect to levy on and attach such debts as the garnishee may come to owe the defendant at any time between the date of such notice and the time said garnishee shall file his answer. Section 5221, Revised Statutes, 1889.

In so declaring we have not departed from the decision reached in *Mercantile Co. v. Bettles*, 58 Mo. App. 384. In that case, the garnishment failed because of the want of jurisdiction, either of the defendant in the attachment suit, because he was not served with process, or over property levied upon by garnishment, or otherwise. It was, in effect, there conceded that if there had been personal service on the defendant, or if there had been a seizure or levy on any property belonging to him, which would then afford a basis of jurisdiction, "then, later on, when the garnishee's liability crystallized into a legal indebtedness to defendant, we have no doubt that the notice would have had the effect to attach the same in the garnishee's hands. But for want of jurisdiction, the entire action had fallen and was then as if it had never been commenced." In the case at hand, this matter of jurisdiction is supplied. Schubert got personal service on his defendant, Herzberg, and secured judgment accordingly. This garnishment comes from an effort to enforce that judgment. Jurisdiction having been once

obtained, continues till the judgment is satisfied. The causes, therefore, for a lapse of the garnishment proceedings in *Mercantile Co. v. Bettles, supra,* are not to be found in the case at bar.

What, now, did Botsford and Williams secure by the written assignment executed by their client, Herzberg, while waiting for the verdict in the suit against Spies? Unless otherwise provided by statute, it is everywhere conceded that a mere claim of damages for a personal tort is, at law, nonassignable. It is only when such a claim becomes merged in a judgment, establishing the right to a definite amount that it can be the subject of legal sale and transfer. The assignment of Herzberg to Botsford & Williams (executed as already stated a few hours before the judgment had been obtained) purported to transfer both the cause of action Herzberg had against Spies and the judgment thereon to be obtained. In so far, then, as the assignment pretended to transfer the cause of action, it was clearly of no validity. We know of no rule, however, that would render the assignment noneffective as to the judgment thereafter entered. Considered alone and unembarrassed by other circumstances, we think clearly the said assignment was, the instant the judgment was rendered, effective to transfer the same to Botsford & Williams. But at the same time appears the garnishment claim of the plaintiff Schubert. Through the garnishment process, he claimed a like assignment, and to go into effect, too, as soon as the judgment against Spies was rendered. The respective claims are, at law, based on the same character of title, the only difference being that one is founded on a *voluntary* and the other on an *involuntary* assignment. This, however, gives neither an advantage.

Were the case to rest here, we should say that, as the plaintiff Schubert secured service of notice in gar-

nishment on the debtor garnishee, before interpleaders, Botsford & Williams got their written assignment, then Schubert's title should prevail, *prior tempore, potior jure.*

But there is another feature of this case which, we think, must deprive plaintiff Schubert of his apparent preference to the judgment in dispute.    When Botsford & Williams engaged to prosecute the action of *Herzberg v. Spies,* it was agreed that, for their compensation, they should have forty per cent of the judgment which Herzberg might obtain.    Having then performed the services and secured the judgment, are they not to be treated as equitable assignees of that portion of said judgment and entitled to a preference over this execution creditor whose rights subsequently attached? This claim by the interpleaders finds ample support in the authorities.    2 Story's Eq. Jur., sec. 1040; *Patten v. Wilson,* 34 Pa. St. 299; *Philadelphia v. Lockhardt,* 73 Pa. St. 211, 217; *Williams v. Ingersoll,* 89 N. Y. 508; *Fairbanks v. Sargent,* 117 N. Y. 320; *Johnson County v. Bryson,* 27 Mo. App. 341.

In the text-book above cited, Judge STORY says: "To make an assignment valid at law, the thing which is the subject of it must have actual or potential existence at the time of the grant or assignment.    But courts of equity will support assignments not only of *choses in action,* and of contingent interests and expectancies, but also of things which have no present actual or potential existence, but rest in mere possibility; not, indeed, as a present positive transfer operative *in praesenti,* for that can only be of a thing *in esse, but as a present contract, to take effect and attach as soon as the thing comes in esse."*    (The italics in the last clause are ours.)

*Patten v. Wilson, supra,* is quite in point.    It was there held that an agreement between attorney and

client, that the former should have $100 "out of the verdict" in an action for unliquidated damages arising from a tort (false imprisonment), operates as an equitable assignment to that extent, of the sum recovered, and is good against an attaching creditor of the client. In the body of the opinion, the Pennsylvania court thus answers the objection that as the claim was for unliquidated damages in an action sounding in tort, it was not capable of assignment before judgment. "Strictly, this is true," says the learned judge. "But it is true only in respect to the rights of third parties. As between Wolf and Geyer (client and lawyer), an assignment or agreement to assign the whole or part of a future verdict would be binding, and, being founded on sufficient consideration, would be enforced. Such agreements between counsel and clients * * * bind the parties, and the attaching creditor of one of the parties succeeds to no higher rights than he possessed."

We regard, then, the agreement entered into between these attorneys and their client, at the time they undertook the prosecution of his suit, as an equitable assignment of, or agreement to assign, a forty per cent portion of the judgment subsequently obtained against Spies. As between them, it was unquestionably binding. And the law is well settled that this plaintiff (or execution creditor) stands in the shoes of the judgment debtor. In other words Schubert has no greater rights in the judgment of *Herzberg v. Spies* than Herzberg had when Spies was served with notice of garnishment. And all equitable rights which Botsford & Williams had in the judgment to be rendered against Spies were as good and enforcible against Schubert, the execution plaintiff, as they were against Herzberg. Drake on Attachments, sec. 672.

Admitting, then, the validity of Schubert's garnishment, and that it reached the judgment subse-

quently rendered against Spies, the garnishee, it was yet subject to the prior equitable rights of Botsford & Williams. The judgment, then, must be affirmed. All concur.