Crecelius v. Bierman.

CHARLES C. CRECELIUS, *et al.*, Appellants, v. PAUL H. BIERMAN, Respondent.

St. Louis Court of Appeals, November 23, 1897.

1. Judgment, Assignment of, by Insolvent Debtor Without Consideration: AGREEMENT FOR INTEREST IN JUDGMENT: EFFECT OF. An assignment of a judgment by an insolvent debtor, which the assignee did not ask, and for which nothing was paid, nor on which was any credit given, was without consideration and void as to the creditors of such debtor; and an agreement between him and his attorney, by which the attorney was to receive fifty per cent of what might be recovered, operated as an equitable assignment of one half the judgment, as between them.

2. ———: EQUITABLE ASSIGNMENT: SET-OFF BY CROSS-JUDGMENTS. But such assignment, made without his consent, was not binding on the defendant in such judgment, and his right to offset the whole of the judgment by his cross-judgments was not affected by the equitable assignment. Nor did the fact that the wife of the plaintiff in such judgment was a party defendant in one of the judgments pleaded, and jointly and severally indebted with her husband therein, deprive the plaintiff, in the judgment so pleaded, of the right to use the judg-ment against the husband. Nor could the husband through her object to such settlement of his debt.

3. ———: EVIDENCE: ADMISSIBILITY. The admission of the testimony of the party claiming to be a *bona fide* holder, by assignment, of such judgment, was not error.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Clopton & Trembley* for W. H. Clopton.

The agreement to assign one half of whatever might be recovered, by Crecelius against Bierman, to Clopton, operated as an equitable assignment of that interest, and when the judgment was obtained the equitable assignment became a legal transfer of title. *Schubert v. Hirschberg*, 65 Mo. App. 579.

The assignment having been made in good faith, before Bierman had become entitled to the sum due under his judgment, the court erred in setting off one execution against the other.   R. S. 1889, sec. 8171.

*J. K. Hansbrough* for respondent.

The assignment of the judgment to Spiegelhalter was fraudulent and void as to Bierman, Crecelius being then, and long before, insolvent.   *Young v. Kellar*, 94 Mo. 581; *Cheek v. Waldron*, 39 Mo. App. 21.

The assignment was of no validity as to Bierman, who, when it was made, and long prior thereto, held matured claims against Crecelius, and was entitled to have them set off against him; and that right could not be defeated by the assignment.   *Weiss v. Wahl*, 5 Mo. App. 408; R. S. 1889, secs. 2384, 2387, 1995; *Pierce v. Bent*, 69 Me. 381; *Skinker v. Smith*, 48 Mo. App. 91; Freem. on Judg., sec. 427.

The agreement between Crecelius and Clopton, made before the slander suit was begun, that Clopton was to have fifty per cent of the amount recovered as his fee in prosecuting the suit, operated, as between them, as a valid equitable assignment of one half the judgment. *Schubert v. Hirschberg*, 65 Mo. App. 578. But the assignment as to Bierman was absolutely void, he not having consented thereto, both in equity and at law.   *Love v. Fairfield*, 13 Mo. 300; *Burnett v. Cran-*

*dall*, 63 *Id.* 410; *Beardslee v. Morgner*, 73 *Id.* 22; *Loomis v. Robinson*, 76 *Id.* 488; *Noonan v. Bank*, 88 *Id.* 372; *Leonard v. R'y*, 68 Mo. App. 48.

This action is not under section 8171, Revised Statutes 1889, concerning executions; but is maintainable as a common law right, independent of the statute, and under section 8168, providing for set-off by cross-judgments. *Skinker v. Smith*, 48 Mo. App. 91.

BLAND, P. J.—This case is here by appeal from a judgment of the circuit court (city of St. Louis), on a motion to offset cross-judgments. On April 30, 1896, Charles C. Crecelius recovered in the circuit court, city of St. Louis, a judgment for $500 against respondent in an action for slander. In an ejectment suit on April 5, 1894, respondent Bierman recovered a judgment in the circuit court, St. Louis county, against Crecelius and wife for $350 damages, and $35 per month for monthly rents and profits. On November 16, 1896, respondent recovered in the circuit court, city of St. Louis, a judgment against Crecelius for $1,346.93, in an action on a promissory note due April 13, 1897. On January 6, 1896, execution was issued on the judgment for $500 in favor of Crecelius' assignee and against Bierman, returnable to the February term of the court. All three of these judgments were unpaid and in full force on March 8, 1897, when the motion to offset these cross-judgments was heard. This motion was filed on January 29, 1897, and is as follows:

"In the Circuit Court, city of St. Louis, December Term, 1896. Room No. 5. Charles C. Crecelius v. Paul H. Bierman, No. 94633.

"Now comes defendant, and states to the court that on the 30th April, 1896, plaintiff recovered a judgment herein against defendant in the sum of $500 and costs of suit, which remains unpaid, and in full

force against defendant. That on 5 April, 1894, defendant, in a suit by him as plaintiff against plaintiff and one Charlotte Crecelius as defendants in the circuit court of St. Louis county, State of Missouri, recovered a judgment against plaintiff and said Charlotte Crecelius in the sum of $350 damages and costs of suit, and $35 rents and profits, for one month after judgment, which said judgment remains wholly unpaid and in full force.

"That on 16th day of November, 1896, defendant in a suit by him as plaintiff against plaintiff herein as defendant, recovered judgment in the circuit court of the city of St. Louis, Mo., against plaintiff in the sum of $1,346.93 and cost of suit; which said judgment remains wholly unpaid and in full force against plaintiff.

"That plaintiff and said Charlotte Crecelius are insolvent, and said judgments against them, as aforesaid, can not be collected on execution.

"That on or about 1st May, 1896, said plaintiff, Charles C. Crecelius, for the purpose of hindering, delaying and defrauding his creditors, and especially to prevent this defendant from collecting his said judgment of $350 costs and rents recovered as aforesaid, and a note then due from him to this defendant, since merged in the said judgment for $1,346.93, recovered as aforesaid, without any consideration whatever, made a pretended assignment of his said judgment for $500 against the defendant, to one Joseph Spiegelhalter; that said Spiegelhalter, at the time of said pretended assignment, knew that said Crecelius was making it for the purpose of hindering, delaying and defrauding his creditors, and permitted the same and consented thereto for the purpose, on his part, of assisting said Crecelius in getting said judgment out of the reach of the creditors, and then knew of the existence of said $350

judgment, and of the indebtedness since merged in the $1,346.93 judgment as aforesaid; that he has no *bona fide* interest in said judgment and is simply holding the same in his name to protect it from plaintiff's creditors and for the use and benefit of plaintiff.

"Wherefore defendant moves the court to set off his said judgment against plaintiff's judgment and award him execution against plaintiff for the amount of his judgments, crediting it with the amount of plaintiff's judgment, and for any further or other relief to which, in equity, he is entitled."

On May 1, 1896, Crecelius made the following assignment of judgment against Bierman, to wit:

"St. Louis, May 1st, 1896.

"For a valuable consideration I hereby assign to Joseph Spiegelhalter all my right, title and interest in and to the judgment for Five Hundred Dollars rendered in my favor on April 30th, 1896, in the circuit court of the city of St. Louis, Mo., in the case of *Chas. C. Crecelius v. Paul H. Bierman*, the same being No. 94633. Said judgment being against Paul H. Bierman the defendant in said cause.

"Charles C. Crecelius."

Dr. Spiegelhalter, to whom this assignment was made, testified that the assignment was made with the understanding that he was to be put to no expense or trouble about the collection of the judgment, and when it was collected he was to pay Mr. Clopton, Crecelius' attorney, fifty per cent of it, as a fee for the prosecution of the slander suit. He also testified that Crecelius was indebted to him in a sum exceeding the whole amount of the judgment on account of money he had let him have,—$100 at one time, $200 at another, and on account of medical services rendered him and his family for the past eight or ten years. That he gave Crecelius no credits when the judgment

was assigned, and would not until the money was collected. Clopton testified that he was the attorney of Crecelius in the slander suit; that the case had been twice tried and appealed once to this court; that Crecelius was a poor man and unable to pay a fee, and that he took the case for Crecelius upon the payment of a retainder fee of $25 or $50, and on an agreement with Crecelius that he should have as a further fee fifty per cent of whatever judgment might be recovered. It was shown that Crecelius was insolvent. Judge LEROY VALLIANT, by whom the motion was heard, made the following order, to wit:

"Charles C. Crecelius, ⎫ Order on motion to set off
   v. No. 94633. ⎬ cross-judgments.
"Paul H. Bierman. ⎭

"Now at this day the motion to set off cross-judgments heretofore filed in this cause by defendant, coming on to be heard, and the parties plaintiff and defendant, as well as Joseph Spiegelhalter and William H. Clopton, being personally present and represented by their respective attorneys, and the said motion being submitted to the court on the pleadings and the evidence adduced, the court doth find that the three judgments mentioned in said motion were rendered at the times and for the amounts in said motion stated; and that there has been no valid assignment of the said judgment rendered in this cause on April 30, 1896, as to defendant; and the court doth further find that said judgment amounts now, costs and interest included, to the sum of $622.20, and that said judgment rendered by the circuit court of St. Louis county in favor of defendant and against plaintiff and one Charlotte Crecelius on April 5, 1894, costs, interest, rents and profits included, amounts now to the sum of $463.25; and the court doth further find that the said judgments rendered in this court on November

16, 1896, in defendant's favor and against plaintiff, amounts now, costs and interest included, to the sum of $1,386.24; wherefore the court doth order and adjudge that said motion be sustained, and that the two said judgments in defendant's favor be set off against said judgment in plaintiff's favor; and that plaintiff's said judgment be satisfied and forever canceled; also that said judgment entered in defendant's favor on April 5, 1894, be satisfied and discharged; and that the difference between the two last named judgments, to wit, $185.95, be credited upon said judgment entered in this court on November 16, 1896, in defendant's favor, leaving a balance on same unsatisfied and in full force, in favor of defendant and against plaintiff, Charles C. Crecelius, of $1,227.29, for which with his costs in his behalf expended, it is further ordered that defendant have execution against plaintiff; and it is further ordered that the execution issued herein against defendant on January 6, 1896, be and it is recalled."

Dr. Spiegelhalter did not ask for an assignment of the judgment to him, paid nothing in consideration

JUDGMENT, assignment of, by insolvent debtor without consideration: agreement for interest in judgment: effect of.

therefor, nor did he give Crecelius any credit on the indebtedness from Crecelius to himself. The assignment is therefore without any consideration moving from Spiegelhalter to Crecelius, and is void as to the creditors of Crecelius, and the judgment of the circuit court is right, unless the equitable interest of Clopton in the judgment can be protected by some rule of law. The agreement between Clopton and Crecelius before the suit was brought, which resulted in the judgment of $500, that Clopton was to have fifty per cent of the amount to be recovered, as between Crecelius and Clopton, operated as an equitable assignment of one half the judgment. *Schubert*

*v. Herzberg*, 65 Mo. App. 578.   But this assignment is
not good as to the defendant therein

EQUITABLE
assignment:
set-off by cross-
judgments.

(Bierman), being an assignment of a part
of the judgment only without Bierman's
consent he is not bound thereby, and his
right to offset the whole of the judgment by his cross-
judgments is not affected by the equitable assignment
to Clopton. *Bank v. Noonan*, 88 Mo. 372; *Loomis v.
Robinson*, 76 Mo. 488; *Burnett v. Crandall*, 63 Mo.
410; *Love v. Fairfield*, 13 Mo. 301.   The fact that
Crecelius' wife was a party defendant in one of the
judgments pleaded as an offset, did not deprive Bier-
man of his right to use the judgment against her
husband.   The judgment debt was the joint and
several indebtedness of both Crecelius and his wife,
and its collection enforcible against either or both of
them, and to set off this judgment against the judg-
ment in the slander suit was but to resort to a statu-
tory method of enforcing its settlement.   R. S. 1889,
sec. 8168.   The wife was benefited and not prejudiced
by allowing the settlement, and can not complain.
Nor can Crecelius through her object to this method
of settling his debt.

We find no error in the rulings of the court on the
admission of testimony.   Dr. Spiegelhalter was an

EVIDENCE:
admissibility.

adverse party, claiming to be the *bona
fide* holder by assignment of the Crecelius
judgment; the respondent had the right
to put him on the stand, and to probe his conscience
to the bottom as to the *bona fides* of the assignment,
and to that end to examine and cross-examine him.

Finding no prejudicial error, the judgment is
affirmed.   All concur.