# :SMITH-PREMIER TYPEWRITER COMPANY, Respondent, v. NATIONAL CASH REGISTER COMPANY, Garnishee, Appellant.

:St. Louis Court of Appeals. Submitted on Briefs March 7, 1911.
Opinion Filed March 21, 1911.

1. **APPELLATE PRACTICE: Burden on Appellant to Show Error.**
On appeal, the burden rests on the appellant to show error in the proceedings.

:2. **GARNISHMENT: Date of Service of Writ: Appellate Practice: Assumption: Evidence: Process.** Where an action by attachment was commenced on December 30th, and the summonses against defendant and his garnishee were made returnable on January 10th following, which day was the first day they could ·be made returnable, under the law, if served on December 31st, and, on the hearing of the liability of the garnishee, the questions propounded by plaintiff's counsel turned on the condition ·of the account between defendant and his garnishee on December 31st and from that date to and including the date the garnishee's answer was filed, the court, on appeal, is warranted in assuming, as against plaintiff's objection that the record ·does not show the date notice of garnishment was served, that the service of the notice on the garnishee and the attempted attachment of the credits of defendant then said to be in the hands of the garnishee must have been on either December 30th or 31st.

·3. ——: **Liability of Garnishee: Advancements to Plaintiff's Debtor.** The advancement of money to a sales agent by his employer, when, under his contract, he has earned no wages, does not make the employer a debtor of the employee, so as to make him liable as garnishee on an attachment issued against the employee.

4. ——: ——: **Rights of Garnishing Creditor.** A garnishing creditor can hold the garnishee only to the extent of defendant's claim against the garnishee, and can acquire no rights against the later that defendant does not have.

-5. **APPELLATE PRACTICE: Reviewing Findings of Fact: No Evidence to Support Finding.** Where the trial is to the court, and all the testimony consists of depositions taken by plaintiff, and there is no conflict therein, the court, on appeal, may determine whether or not there is any evidence to support a finding for plaintiff.

6.  EVIDENCE: Party Bound by Own Testimony. A party is bound
    by his own testimony.

7.  GARNISHMENT: Liability of Garnishee: Facts Stated. In an
    action to garnish defendant's employer, where the contract of
    employment provided that defendant was to receive from his
    employer commissions for sales, and that the employer might
    advance him such sums as was deemed proper, and the evidence
    showed that, during the time the garnishment was in force, the
    garnishee had advanced defendant seven weekly payments of
    $60 each, but a statement introduced in evidence by plaintiff
    showed that, on the date the garnishment summons was served
    and on the date the garnishee answered, defendant owed the
    garnishee several hundred dollars, and the evidence tended to
    show the weekly payments were not on account of salary, but
    were advancements, held, that the evidence failed to show any
    money of defendant had come into the garnishee's possession
    between the date of service of the summons and the date the
    garnishee's answer was filed.

8.  ———: Defendant not Served: Nature of Judgment.
    In a garnishment proceeding, ancillary to attachment, where
    the defendant is not actually served with process, but is served
    by publication, and does not appear, a personal judgment may
    not be entered against him; the only judgment that may be
    rendered in such case being a judgment against his property
    in the hands of his garnishee which has been actually seized
    under the writ of attachment and service of garnishment no-
    tice.

9.  ———: Jurisdiction: No Jurisdiction Over Defendant. A
    court without power to render any judgment against a de-
    fendant, not personally served and not appearing, is without
    jurisdiction to enter judgment against his garnishee.

10. ATTACHMENT: Jurisdiction: Defendant Not Served. The
    jurisdiction of the court, in an action by attachment against
    a defendant served only by publication and not appearing, de-
    pends on whether there is a res on which it can act, and where
    the officer fails to find any property which he can seize under
    the writ, and he does not impound any property or credits of
    defendant by service of garnishment, there is nothing on which
    the jurisdiction of the court can act in the case.

11. GARNISHMENT: Jurisdiction: Defendant Not Served. Where,
    in a garnishment proceeding, ancillary to attachment, defend-
    ant, who was not actually served with process, but was served
    by publication, does not appear, and at the date of the issue
    and service of the notice of garnishment and the attempted at-
    tachment of the effects of defendant, supposed to be in the
    garnishee's possession, the garnishee not only had no such

effects, but was not indebted to defendant, there was nothing for the attachment to rest on, and the court acquired no jurisdiction, and, as there could be no judgment against defendant, no valid judgment could be rendered against the garnishee.

Appeal from St. Louis Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED IN PART; REVERSED (*with directions*) IN PART.

*Perry Post Taylor* and *Emil Mayer* for appellant.

(1) The justice had no jurisdiction to render judgment, on service by publication, against defendant, and hence had no jurisdiction to render judgment against this appellant, as garnishee, because when the suit was filed and when this garnishee was served, there had been no seizure of any property belonging to defendant and no debtor of defendant had been summoned as garnishee. McCord & Nave Co. v. Bettles, 58 Mo. App. 384; 20 Cyclopedia of Law, p. 1036. (2) The evidence fails to show that, at any time, during the pendency of the case before the justice, was appellant liable to defendant in such manner or on such a demand as could justly have been the basis of a recovery by defendant against appellant in an action of debt. This is the true test of appellant's liability as garnishee and the test fails utterly in this case, for the evidence fails to show that there ever was such liability on the part of appellant. Archer v. Bank, 88 Ala. 249; Brewing Co. v. Railroad, 129 S. W. 991; Bank v. Hoppe, 132 Mo. App. 449; Johnson v. Geneva Pub. Co., 122 Mo. 102.

*Peers & Peers* for respondent, filed argument.

REYNOLDS, P. J.—On the 30th of December, 1907, plaintiff commenced action by attachment against one Hassler on an account for an alleged indebtedness of $85, the action having been brought before a justice of

the peace of the city of St. Louis.    Summons appears to
have been issued on that day to the constable, returnable
January 10, 1908.    On the latter date, the constable, ac-
cording to the docket entries of the justice, made return
that he had not found the defendant and that he had
duly served the National Cash Register Company, at-
taching in its hands all moneys, etc., due or belonging
to defendant, and summoning it as garnishee.    On the
return day of the summons, January 10th, appellant
filed its answer to interrogatories which had been pro-
pounded to it, denying that it had money, etc., belonging
to defendant at the time of service of the writ or that
at the time of answering it owed defendant anything.
This answer was denied by respondent, to which ap-
pellant replied by a general denial.    Thereafter on Feb-
ruary 20th, appellant, as garnishee, filed another answer
again denying that it had anything belonging to defend-
ant or that it owed defendant anything.    Issue was taken
on this second answer.    An order of publication against
defendant was issued January 10th, returnable January
31st, on which latter date the constable made return of
publication by putting up four notices of the order of
publication in four public places in the city.    The case
was then continued as against defendant Hassler at
various times, until on June 22, 1908, judgment by de-
fault was rendered against defendant, who had made
no appearance and had never been personally served for
$85.00, the attachment being sustained.    The action
against appellant, as garnishee, and hereafter referred
to as garnishee, was continued from date to date until
this 22d of June, on which latter date a trial was had
and judgment rendered in favor of plaintiff and against
the garnishee in the sum of eighty-five dollars, the
amount of judgment rendered against defendant.    From
this the garnishee took an appeal to the circuit court,
in which latter court the cause was tried anew before
the court, a jury being waived, the trial resulting in a
verdict for plaintiff and against the garnishee for eigthy-

five dollars and costs, the garnishee being allowed the sum of fifteen dollars as its costs for answering. From this judgment the garnishee has duly perfected its appeal to this court, filing a motion for new trial as well as a motion in arrest and duly saving exceptions on these being overruled.

The evidence in the circuit court was presented solely by depositions, taken on behalf of plaintiff, the depositions being those of the treasurer of the appellant and its bookkeeper. By these depositions it appears that defendant Hassler is a sales agent in the employ of the garnishee, on commission, having been so at the time of the service of the garnishment and down to the taking of the depositions, his employment commencing under a contract of date June 20, 1907. The contract was put in evidence by plaintiff as part of the depositions, and is abstracted very fully. It appears by that that Hassler was employed by the garnishee as a sales agent for the sale of cash registers in named territory solely on commissions, it being provided that appellant, the garnishee, may retain out of the commissions coming to defendant $500 as a deposit and security to protect it against loss on amounts charged back, the balance so retained to be paid defendant on final settlement, the company, garnishee, also agreeing to advance Hassler on commissions such sums as it may deem proper and just, charging the advancements to his account. It is further provided that Hassler is to pay his own expenses, the company paying none of his traveling, office or other expenses, for which Hassler is to contract in his own name and under no circumstances to hold the company liable or responsible for them, and it is also provided that Hassler, in proportion to his commission, is to pay his share of all legal collections of commissions and all transportation charges on registers ordered and refused by the customer. It is provided for payment by the company of any debts of the agency, amounts so paid to be charged back to Hassler. Hassler was also to fur-

nish a bond. The agency might be terminated at any time upon written notice.

Respondent, in connection with the deposition, also introduced a statement of the account between the garnishee and Hassler by which account it appears that on the 31st of December, 1907, Hassler owed the garnishee $680. It further appears that on January 2d and each week from that date on to February 20th, the garnishee had paid Hassler $60 cash, charging him with other amounts and crediting him with commissions. On the 20th of February, it appeared that Hassler owed the garnishee $802.36. The bookkeeper, whose deposition was taken on behalf of plaintiff, respondent here, testified that these weekly payments of $60 cash advanced to defendant were charged to him on account of commissions that may have been or were to be earned, being advances to him. So also the account itself showed. Neither of the witnesses gave any testimony tending to show that these weekly payments were on account of salary. Nor was there any evidence, either by witnesses or by the terms of the contract, that defendant was on a salary, and there was no testimony in the case other than by these two witnesses, whose depositions were taken on behalf of plaintiff. Neither of the witnesses gave any explanation than as stated above why these advances were made. Counsel for respondent, and apparently the learned trial court, treat these weekly payments of sixty dollars a week as payments on account of salary and claim that between the time of the service of the garnishment and the answer of the garnishee two or more of these sixty dollar payments had been made. On that theory the learned trial court based its judgment against the garnishee for the $85 debt claimed to be due by defendant Hassler to plaintiff.

Counsel for respondent calls attention to the fact that it does not appear from the abstract when the notice of garnishment was served and that the proceedings of the circuit court are to be presumed to be correct:

and that the burthen is on appellant to show error if there is any in those proceedings. It is claimed that it has failed to do this on this part of the case. The proposition that it is for appellant to show error is correct. It is true that it does not appear in the abstract, in so many words, when the garnishment was served. We have, however, read over all the testimony in the case contained in the abstract as well as in the full record, the testimony consisting of the depositions of the two witnesses above referred to and taken by plaintiff, and the transcript of the justice. It is very evident from the transcript of the justice as well as the testimony, that the notice of attachment and garnishment was served not earlier than the 30th of December, 1907, the date upon which the action was commenced, and not later than the 31st of December, 1907. This for several reasons. The questions propounded by counsel for plaintiff to the witnesses all turn on the condition of the account between plaintiff and Hassler on the 31st day of December, 1907, and from that on to and including the 20th of February, 1908, when the amended answer of the garnishee was filed, and down to which date plaintiff had required the account of Hassler with the garnishee, and which plaintiff read in evidence, to be brought. Furthermore, the summonses both against defendant and against the garnishee were returnable January 10th. They could not be returnable at any shorter interval, if served December 31st. Hence we are warranted in assuming, from the record itself, that the service of the notice on the garnishee and the attempted attachment of the credits of defendant Hassler then said to be in the hands of the garnishee must have been on December 30th or December 31st.

From the testimony produced by plaintiff itself, it is obvious that at those dates the garnishee was not indebted to defendant Hassler in any amount whatever. To the contrary, at that date, Hassler owed the garnishee $680. Between that date and the date of answer, Feb-

ruary 20th, it had paid out in cash $480, by way of these weekly payments of $60 above referred to, also paying out to him on various accounts of expenditures, etc., $86.20 in small items which neither the trial court nor counsel for appellant claim are subject to this garnishment. Crediting Hassler with his commissions and other expenses for which he was entitled to charge, it left him indebted to appellant, garnishee, as before stated, on the date of the answer in the sum of $802.36. The learned trial judge held that the garnishee should be charged with an indebtedness to Hassler of over $85 as accruing to Hassler between the date of the service of the garnishment upon it and the date of the answer. His finding is incoporated in the record of the judgment. To quote it the court found from the evidence "that between the time of the service of the notice and the filing of its answer the garnishee was indebted to C. W. Hassler in the sum of $100, and that it paid to him on account of services more than said amount. That under the contract between the garnishee and Hassler he was to defray all of his own expenses." Citing section 3436, Revised Statutes 1899, now section 2416, Revised Statutes 1909, and Schubert v. Herzberg, 65 Mo. App. 578, 1. c. 582-83, the learned trial judge entered judgment in favor of plaintiff for the eighty-five dollars against the garnishee and its surety, and allowing the garnishee fifteen dollars for answering. As before stated, we have before us all the testimony in the case, it having been taken by way of deposition, so that it is as fully and exactly before us as presented to the learned trial judge. We are confronted with no questions as to credibility of witnesses or conflicting testimony. Counsel for appellant challenge its probative force, claiming that on the facts in evidence and the law, judgment should be for appellant.

We are compelled to say that on an examination of the testimony we are unable to sustain the conclusion arrived at by the trial court.

In the first place, there is not even a suggestion in the testimony that the $60 which was paid weekly to defendant Hassler was paid under any contract for wages or on account of wages earned between December 30th and February 20th, or on any account except by way of advancement or for traveling expenses. Under the contract in evidence, introduced by plaintiff, Hassler was entitled to no wages whatever. He had to rely upon his commissions. That the garnishee chose to advance him on account of commissions to be earned, did not make it a debtor of Hassler. At the very time these advances were made Hassler was himself largely indebted to the garnishee. The decisions are numerous in our state that the attaching or garnisheeing creditor can occupy no bettter position against the garnishee than state that the attaching or garnishing creditor can hold the garnishee only to the extent of defendant's claim against the garnishee and can acquire no rights against the latter except such as the defendant himself had. See among other authorities on this proposition Johnson v. Geneva Pub. Co., 122 Mo. 102, 26 S. W. 676; Bank v. Hoppe, 132 Mo. App. 449, 1. c. 459, 111 S. W. 1190, and cases cited in those two reports. This is general law, not only in this state but throughout the country; that is to say, "possession by the garnishee (of funds or property or credits of the debtor in the attachments) must be of such character as to give the defendant (in the attachment) the right to recover possession as owner," is the rule stated in Waples, Attachment & Garnishment (2 Ed.), sec. 357. So that on the question of indebtedness accruing between the date of the service on the garnishee and the date of its answer, we are compelled to disagree entirely with the learned trial judge in his conclusion on the evidence as to that matter and to hold that there is no evidence whatever in the case showing that between those dates the garnishee became indebted to or had in his hands, possession or control any money, property or effects of the defendant

debtor which that debtor could have recovered or which plaintiff as attaching creditor can compel the garnishee to pay over to it. We are in no manner entrenching upon the rule that the trial court, a jury being waived, is vested with the power of the determination of the weight of testimony and that his conclusion on facts and on credibility of witnesses is ordinarily binding upon the appellate courts. No such condition is presented here. As before stated, all the testimony was by way of deposition and consisted of the testimony taken by plaintiff itself. There is no contradiction in the testimony of these witnesses. The matter is really presented by the account, produced for and adopted and introduced in evidence by plaintiff. Plaintiff is bound by its own testimony. Considering that, we are bound to say that there is no testimony whatever justifying the conclusion arrived at by the learned trial judge that between December 31st and February 20th any moneys, etc., of Hassler had come into its possession or were in its hands which Hassler could have reached.

Over and above this however, is a proposition which strikes at the very root of plaintiff's case. Defendant was never in court by personal service; all the service in the case was by publication. Defendant never appeared and the jurisdiction of the justice to render any judgment in the case against defendant must depend upon the fact that the court had obtained jurisdiction over defendant Hassler at the time of the service of process on the garnishee by attachment or levy upon and seizure of property then in this state, in the hands of appellant and belonging to defendant. No personal judgment could be rendered against Hassler, for he was never actually served and never appeared. The only possible judgment on this kind of service was a judgment against his property in the hands of appellant which had been actually seized under the writ of attachment and service of notice of garnishment. Unless that was done, neither the justice originally, nor the court

on appeal, had any power whatever to enter any judg-ment whatever in this case against defendant, and un-less it could render a valid judgment against defendant it was without power to enter one against the garnishee. As we view the case before us, it is identical on this proposition with the case of McCord & Nave Mercantile Co. v. Bettles, defendant, Desbrow, garnishee, 58 Mo. App. 384. In that case, after calling attention to the fact that an attachment is in the nature of, but not strictly, a proceeding *in rem,* Judge SMITH, speaking for the Kansas City Court of Appeals, says (l. c. 387) : "A court has no jurisdiction over the debtor as a party when he has been merely notified by publication and has not heeded the notice. It has jurisdiction over the property brought into court, and over that only. The jurisdiction of the court in such cases depends upon whether there is a *res* upon which it can act. If the sheriff finds no property which he can seize under the writ, and does not succeed in impounding any property or credits of the debtor by the service of the process of garnishment, in the hands of the garnishee, then there is nothing upon which the jurisdiction of the court can act in the case." In support of this Judge SMITH cites Drake on Attach-ments, section 89, and Waples on Attachment and Garn-ishment, section 8. The last named author in the sec-tion referred to (2 Ed.), says: "Attachment is said to be an incident of the personal action when both the debtor and the property are in court. It is auxiliary to it. It may disappear from the suit by the quashing of the writ, while the action against the debtor himself may go on and be prosecuted to judgment." Drake on Attachments, section 89a (7 Ed.), states the rule to like effect, saying: "If there be neither person nor thing for the jurisdiction to act upon, the whole proceeding neces-sarily falls."

The McCord & Nave Mercantile Company Case has been cited in many other decisions, not on this point, it is true, but always approvingly and has never been ad-

versely criticized. In fact, as will be noted by the above quoted textwriters, it states the accepted law. The learned trial judge has cited Schubert v. Herzberg, supra, as sustaining his conclusion, and counsel for respondent seek to distinguish the McCord-Bettles Case, on the theory that the interest there sought to be attached was a contingent interest. This latter is true. But the part of the decision above quoted does not turn on the fact that the interest was contingent. Referring to the McCord-Bettles Case, the Kansas City Court of Appeals, in Schubert v. Herzberg, supra, l. c. 583, very distinctly says that the point there in judgment was that no personal service was had on the attached debtor, while in the Schubert Case personal service was had. That is the very distinction between the two cases: both stand; in fact, Schubert v. Herzberg reaffirms McCord & Nave v. Bettles. In the case at bar it clearly appears by the testimony introduced by plaintiff itself, that at the date of the issue and service of the notice of garnishment upon the garnishee, and the attempted attachment of effects of the debtor then in the hands of the garnishee, it not only had no such effects, was not indebted to the defendant in any amount whatever but in point of fact defendant at that time was indebted to it in a very large amount. Hence there was nothing for the attachment to rest upon. Consequently there was no jurisdiction in the justice at the time he rendered the judgment against the defendant Hassler, and as there was and could be no valid judgment against that defendant, there can be no judgment whatever against the garnishee, either before the justice or before the circuit court. We hold that the decision in McCord & Nave Mercantile Co. v. Bettles et al., supra, is controlling and conclusive in the case at bar.

The result is that the judgment of the circuit court in this case, in so far as it adjudges the garnishee liable, must be and is reversed. That part of it allowing the garnishee $15 for its costs is affirmed. The garnishee

is also allowed the further sum of $25 for its costs in this court, outside of and above the costs of court incident to reversal. Judgment is ordered accordingly. *Nortoni* and *Caulfield, JJ.*, concur.