# CONLEY *v*. MORRIS.

(*Supreme Court of Colorado, April Term, 1882—Error to District Court of Pueblo County.*)

1. SERVICE BY PUBLICATION. Where service is by publication, it is not complete until forty days after the lapse of the period of publication.

2. SAME. The four weeks publication of summons expired April 9, 1881. Default could not have been properly entered until May 30, 1881.

STONE, J.   Complaint was filed in the Court below by the defendant in error against the plaintiff in error, upon a money demand.   Summons issued the 10th day of March, 1881.   On the same day the complainant filed an affidavit averring that the residence of the defendant was unknown to the affiant, that process had been placed in the hands of the sheriff to serve, and that the said sheriff, after due diligence, could not find the defendant, and that, after due diligence, the defendant could not be found in the State.

Thereupon an order of publication of summons was made by the clerk of the Court, March 11, 1881, and the affidavit of the publisher shows that the required time of such publication, four weeks, expired April 9, 1881.

On the 22d of April thereafter default was taken against the defendant for failure to answer, and final judgment rendered against him April 27, 1881.

The judgment was prematurely rendered.   The defendant had forty days from and after the completion of the service of summons in which to answer.

The date of the last publication was April 9, 1881.   This was "the expiration of the time prescribed for publication," in the language of section 42 of our Civil Code, and under said section, service was not complete until ten days after that time, while section 32 of the Code gives the defendant, where publication is required to be made, forty days to answer "after the service of summons, exclusive of the day of summons," as provided in section 31.

In the case of *Grewell* v. *Henderson*, 5 Cal., 465, the Court, in construing the California act, which provides that, "the service of the summons shall be deemed complete at the expiration of the time prescribed by the order of publication," held that where

service was made by publication, such service was only effected by the publication, and as the defendant (under a provision of the act, the same as section 32 of our Code), had forty days to answer "after the service of the summons," he was entitled to forty days after the lapse of the period of publication.

This rule is not changed by the third clause of section 150 of the Code.

A default could not, therefore, have been properly taken against the plaintiff in error in this case for a failure to answer before the 30th day of May, 1881, and the rendition of the judgment against him on the 27th of April, was unauthorized, and must be reversed.

There are other errors apparent in the record, but as the want of jurisdiction above pointed out is fatal to the judgment, we need not discuss the others.     *Judgment reversed.*

*A. A. Bradford*, attorney for plaintiff.

*Patton & Urmy*, attorneys for defendant.