[No. 9,187.  Department Two.—March 6, 1884.]

## OLIVER SHINN, RESPONDENT, v. T. J. CUMMINS, APPELLANT.

<div style="float:right; border:1px solid;">65   97<br>116   138</div>

SUMMONS—PRACTICE—INDORSEMENT OF ATTORNEY'S NAME.—A failure to indorse the name of the plaintiff's attorney upon the back of a summons will not invalidate it when the name is written upon the face of the writ.

ID.—MOTION TO DISMISS.—The pendency of a motion "to dismiss, vacate, and set aside the pretended service of summons and copy of complaint," does not extend the time specified in the summons for answering.

APPEAL from a judgment of the Superior Court of Lassen County.

The action was to recover a lot of cattle claimed to be the property of plaintiff, and to have been wrongfully taken by

LXV. CAL.—7.

defendant. The summons was regular in all respects except that the name of the plaintiff's attorney was not indorsed upon it. The defendant moved to dismiss, vacate, and set aside the service on the ground that the summons was not indorsed as required by section 407 of the Code of Civil Procedure. Before the day of the hearing, the time for answering specified in the summons expired, and no demurrer or answer having been filed by the defendant, a default was taken against him. The motion was denied. The defendant moved to set aside the default and for leave to answer. This was refused. The court, after hearing testimony on the part of the plaintiff as to the value of the property, gave judgment for him. This appeal is from the judgment. The other facts appear in the opinion.

*Goodwin & Kelley*, for Appellant.

*C. McClaskey*, for Respondent.

SHARPSTEIN, J.—Appellant insists that it is essential to the validity of a summons that the name of the plaintiff's attorney be indorsed on it. The Code provides that "the name of the plaintiff's attorney must be indorsed on the summons." (Code Civ. Proc. § 407.) There was not in this case a literal compliance with that provision. The name of the plaintiff's attorney appears on the *face* and not on the *back* of the summons. Therefore it is not *indorsed on* the summons. And if we could see that the defendant might possibly be prejudiced by this circumstance, it would be our duty to reverse the judgment. But we cannot. The object of the law doubtless is to have the name of the plaintiff's attorney indorsed on the summons, so as to inform the defendant who such attorney is. While it is advisable in all cases to literally comply with the provisions of the Code, nothing short of a substantial departure therefrom can properly be held to be fatal to a proceeding under it. "Its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice." (Code Civ. Proc. § 4.)

The pendency of the defendant's motion, "to dismiss, vacate, and set aside the pretended service of summons and copy of complaint," did not extend the time specified in the summons

for answering the complaint. When the default was entered, there had been no appearance in the case by the defendant, and we are unable to discover any ground on which the judgment should be reversed.

Judgment affirmed.

MYRICK, J., and THORNTON, J., concurred.

Hearing in Bank denied.