Morton v. Morton.

1. Mailing of Copy of Summons to Non-resident Defendant — Presumption.— Where it is shown that a copy of the summons in a cause brought against a non-resident defendant was properly addressed and mailed to the defendant, whose place of residence was well known, where she had resided for years, and was accustomed to receive her mail-matter regularly, but that the same was not received by her, it will be presumed, in the absence of proof to the contrary, that the sender omitted to prepay the postage.

2. Service by Publication — Time for Answer.— A non-resident defendant upon whom service of summons is made by publication cannot be considered in default of an answer until the lapse of fifty days after the last publication of the summons required by law.

3. Divorce — A Decree Fraudulently Procured Will Be Set Aside.— When it is made to appear that fraud has been practiced on both the defendant and the court in procuring a decree of divorce, it will be promptly set aside.

*Error to Bent County Court.*

In the year 1886 Henry T. Morton, defendant in error, obtained in the county court of Bent county a decree of divorce from Bridget E. Morton, his wife. No personal service was had upon the defendant in that suit; the service was by publication. The present action is a direct proceeding on the part of Bridget E. Morton, the plaintiff in error, who was plaintiff below, to set aside said decree of divorce, for the following reasons: The want of jurisdiction in the court to enter any decree against her; second, fraud of the plaintiff in procuring the decree. The trial below resulted in a judgment for the defendant.

Mr. J. C. ELWELL and Messrs. TELLER & ORAHOOD, for plaintiff in error.

Mr. T. F. BOSTWICK and Mr. CLARENCE WAY, Mr. C. S. THOMAS and Messrs. BRYANT & LEE, for defendant in error.

PER CURIAM. The decree of divorce was obtained without service of process upon the defendant either actual or constructive. At the time of the action and for many years prior thereto, she had resided in the same house in Scranton, Pennsylvania; and although she received her mail with uniform regularity, no copy of the summons in this case ever reached her. Although her residence was well known to plaintiff, no notice of the action was received by her until long after the entry of final judgment in the cause. It is true, it appears by an affidavit that a copy of the summons was mailed to her, properly addressed, but in the absence of proof that postage thereon had been duly prepaid, it is fairly to be implied, under the circumstances, that this important item was overlooked.

The affidavit upon which an order of publication was obtained was made by plaintiff's attorney instead of plaintiff himself, although no sufficient reason for the plaintiff's neglect to make it is given. It is made upon information and belief only; while it is apparent from the record that the only information upon which the attorney could have acted was such as plaintiff saw fit to communicate to him, plaintiff, perhaps, hoping to escape the risk of a prosecution for perjury incident to making the affidavit himself. The evidence further shows that he never had acquired the residence in this state necessary to maintain an action of this character, that the evidence upon which the court granted the decree was false, and that there is a good defense to the action upon the merits. The undue haste exhibited in the divorce proceeding is of itself a suspicious circumstance, which naturally suggests that the whole record should be closely scrutinized. The default and decree

were both entered before the time for answering had expired. The complaint was filed on the 11th day of March, A. D. 1886. Summons was issued and application for the publication of the same made and filed, and an order for publication obtained the same day. The default of the defendant for failure to answer was entered May 4th, and judgment the following day. The affidavit of the publisher made and filed in that case shows that the summons was published for four successive weeks in the Las Animas Leader, a public newspaper, printed and published weekly at West Las Animas, in the county of Bent and state of Colorado, the first publication of the summons having been on the 12th day of March. This would bring the last publication on the second day of the following month of April. Under the code, service was not complete until ten days thereafter, to wit, upon April 12th. After this the defendant had forty days in which to answer, so that default and judgment could not properly have been had until the 23d day of May. It is therefore apparent that there was no authority for the entry of either default or judgment at the time the same were entered. The code provision in reference thereto is plain and unambiguous. Whenever the question has been presented it has been uniformly held, that, where the service is by publication, fifty days must elapse after the last publication required by law before the defendant can properly be considered in default. *Conly v. Morris*, 6 Colo. 212; *Skiles et al. v. Baker et al.*, 6 Colo. 295; *O'Rear v. Lazarus*, 8 Colo. 608.

As to whether the decree should be set aside in this proceeding for this reason, it is quite unnecessary to determine. In view of the failure on the part of the appellee to show, when called upon, that the postage was prepaid upon the copy of the summons mailed, and of the fraud shown to have been practiced upon both the defendant and the court in procuring the decree of divorce, it cannot be allowed to stand. It is apparent from the record that but one result can be obtained upon a retrial of the case. The judgment

is therefore reversed and the cause remanded with directions to the county court to enter a judgment annulling the decree of divorce

*Reversed.*