[No. 1756.]

ALEXANDER FORSYTH, PETITIONER, v. J. K. CHAM-
BERS, JUSTICE OF THE PEACE OF MANHATTAN TOWN-
SHIP, COUNTY OF NYE, STATE OF NEVADA, RESPONDENT.

1. JUSTICES OF THE PEACE—PROCESS—PUBLICATION—ENTRY OF JUDGMENT.
   Under Civ. Prac. Act, sec. 517 (Stats. 1869, p. 274, c. 112), as amended
   by Stats. 1907, p. 28 c. 16, providing that the time specified in the sum-
   mons for the appearance of the defendant must be ten days, if served
   out of the township or city, but within the county in which the action
   is brought, and twenty days if served elsewhere, and when a person on
   whom the service is to be made resides out of the state or has departed
   from the state, or cannot after due diligence be found within the state,
   or conceals himself to avoid the service of summons, the justice may
   grant an order that the service be made by publication, and that serv-
   ice by publication shall be deemed complete at the expiration of four
   weeks from the first publication, it is 'improper to take judgment on
   the completion of the publication in cases where personal service can-
   not be had, but the defendant is entitled to twenty days in which to
   make his appearance as in the case of personal service against one
   served elsewhere than within the county in which the action is brought.

2. SAME—INDORSEMENT OF ATTORNEY'S NAME ON SUMMONS—PUBLICATION OF
   SUMMONS. Civ. Prac. Act, sec. 517 (Stats. 1869, p. 274, c. 112), as
   amended by Stats. 1907, p. 28, c. 16, providing that, if the plaintiff
   appears by attorney, the names of his attorneys must be indorsed upon
   the summons, does not require that the names of the attorneys shall
   be included in the notice of publication made under section 517.

3. SAME—EXECUTION—VOID JUDGMENT. Where a judgment rendered by a
   justice of the peace is void for want of proper service on the defend-
   ant, an execution issued on the judgment and proceedings had there-
   under are also void.

ORIGINAL PROCEEDING. Certiorari by Alexander Forsyth
to review a judgment of J. K. Chambers, Justice of the Peace
of Manhattan Township, Nye County, State of Nevada.
Judgment set aside.

The facts sufficiently appear in the opinion.

J. B. Dixon, for Petitioner:

I. The judgment entered against the petitioner was a
default judgment, from which there was no appeal, and
therefore certiorari is the only plain, speedy and adequate
remedy.   (Paul v. Armstrong, 1 Nev. 96; Little v. Currie, 5
Nev. 90; Roy v. Whitford, 9 Nev. 370; Martin v. District
Court, 13 Nev. 85, 90; Wiggins v. Henderson, 22 Nev. 103,
108; Pratt v. Stone, 25 Nev. 365, 373.)

II.   The summons was not issued in accordance with the provisions of Statutes of 1907, p. 28.   The name of the attorney for the plaintiff does not appear on the summons.   There is no authority for the notice in the summons, "or if served by the publication then at the expiration of four weeks from the first publication agreeably to Statutes of 1907, page 27." This notice is not in accordance with the statutes, and is misleading.   The justice of the peace could not and did not acquire any jurisdiction of the person of the defendant, by reason of the publication of such a summons.

III.   Even if the summons were regular in form, and the order to serve by publication properly and regularly made, the service was not completed until the expiration of four weeks from the first publication.   (Stats. 1907, 29.)   The defendant was entitled to twenty days in which to appear and answer, after the completion of service of the summons on him.   (Stats. 1907, 28.)   The respondent had no jurisdiction or power to enter judgment against the defendant until after the expiration of twenty days from the completion of service.   (Stats. 1907, 28, 29.)   Statutory provisions for acquiring jurisdiction by any other than personal service must be strictly pursued.   (*Paul* v. *Armstrong*, 1 Nev. 82; *Little* v. *Currie*, 5 Nev. 92; *Jordan* v. *Giblin*, 12 Cal. 100; *Bayley* v. *Freeman*, 30 Cal. 610; *Forbes* v. *Hyde*, 31 Cal. 342.)

By the Court, NORCROSS, J.:

This is an original proceeding in *certiorari* to review the proceedings of the justice's court of Manhattan Township, County of Nye, State of Nevada, made and entered on the 16th day of January, 1908, in the case of Thomas A. Patterson, Jr., plaintiff, against Alexander Forsyth, defendant. Action was brought by said plaintiff on the 12th day of December, 1907, to recover judgment against said defendant petitioner herein in the sum of $72.50.   Summons was issued; and on the 18th day of December, 1908, the defendant not being found in the county, upon affidavit of plaintiff, an order was made for service of summons by publication thereof for the period of four weeks in the Manhattan Mail, a newspaper published in said Manhattan Township.   The first publica-

tion was made on the said 18th day of December, 1907, and the last publication on the 15th day of January following. On the 16th day of January, 1908, the default of the defendant for failing to answer the complaint was entered by the justice, testimony taken, and judgment rendered in favor of plaintiff for the amount sued for, together with costs amounting to the sum of $28. On the day last mentioned execution was issued, and on the 27th day of January following the execution was returned as satisfied. Petitioner herein contends that all of the proceedings of said justice's court on and after the 16th day of January, 1908, were without jurisdiction, and are void.

Section 517 of the civil practice act (Stats. 1869, p. 274, c. 112), as amended (Stats. 1907, p. 28, c. 16), provides as follows: "Sec. 517. The time specified in the summons for the appearance of the defendant must be as follows: First—If an order for arrest is endorsed upon the summons, then forthwith. Second—In all other cases the summons must contain a direction that defendant must appear and answer the complaint within five days, if the summons be served in the township or city in which the action is brought; ten days if served out of the township or city, but within the county in which the action is brought; and twenty days if served elsewhere. Third—When the person on whom the service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, * * * and the fact shall appear by affidavit to the satisfaction of the justice thereof, and it shall in like manner appear that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such justice may grant an order that the service be made by the publication of the summons. Fourth—* * * The service of summons shall be deemed complete in case of publication at the expiration of four weeks from the first publication. * * *"

In the present case the service of summons was not complete until the expiration of the 15th day of January, 1908. The petitioner was therefore in the same position on the 15th

day of January, 1908, as he would have been had personal service been made upon him within the state, but outside the county wherein the action was brought. The statute gave him twenty days thereafter in which to appear and answer. Until the expiration of twenty days from said 15th day of January, 1908, the court could not have jurisdiction to enter judgment against him. (*Grewell* v. *Henderson*, 5 Cal. 465; *Conley* v. *Morris*, 6 Colo. 212; *Bowen* v. *Harper*, 6 Idaho, 654, 59 Pac. 179; *Trust Co.* v. *Bulmer*, 49 N. Y. 84; *Market Nat. Bank of New York* v. *Pac. Nat. Bank of New York*, 89 N. Y. 397.)

It is also contended that the publication of the summons was void because it did not include the name of plaintiff's attorney as endorsed upon the original. Section 516 of the civil practice act as amended (Stats. 1907, p. 28, c. 16) provides that, "if the plaintiff appears by attorneys, the names of the attorneys must be endorsed upon the summons." This question came before the Supreme Court of California in the recent case of *People* v. *Wrin*, 143 Cal. 11, 76 Pac. 646. The court in that case said: "It is objected that the name of the attorney for plaintiff did not appear upon the summons as published. It does not appear, however, from the record that the name of the said attorney was indorsed upon the summons, a copy of which, without the attorney's name, was published. All that was required by section 407 of the code of civil procedure before it was amended in 1897, with reference to the attorney's name was that it should be indorsed upon the summons. The attorney's name did not thereby become a part of the summons, and it was not necessary as such to publish it."

As the statute of this state only requires the name of the attorney to be indorsed upon the summons, and is not thereby made a part of the summons, it is not necessary that it be published, and the summons as published is not void for failing to show the name of the attorney. The summons, as published, contains a statement not embodied in the summons as issued, and it is claimed that this is a fatal irregularity, especially as the interpolated matter is a misstatement of the law governing the time within which the defendant is

required to answer.   That it is an irregularity there can be no question.   The summons as published should not contain in the body thereof matter not in the summons as issued. However, as counsel for petitioner has not cited us to any authorities holding that this irregularity would be fatal to the acquiring of jurisdiction over the defendant, and as it is not necessary to the determination of the present case, we do not pass upon this point.   The respondent having rendered judgment in the present case before the time had expired, in which the defendant was allowed by law to appear and answer, such judgment was rendered and entered without jurisdiction, and is therefore void.

The judgment being void, the subsequent proceedings based thereon are also void.

It is therefore ordered that the said judgment and proceedings based thereon be, and the same are, annulled, and that petitioner have judgment for his costs in this proceeding.