## No. 14,045.

### PERDEW *v.* PERDEW.
(64 P. [2d] 602)

Decided December 31, 1936.   Rehearing denied January 25, 1937.

Messrs. MOFFETT & HITCHCOCK, for plaintiff in error.

No appearance for defendant in error.

Mr. A. L. BETKE, for John E. Fifer, objector.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

THESE parties are, or were, husband and wife. They are hereinafter referred to as Alfreada and Perdew respectively.

Alfreada sued for divorce. The action was uncontested and findings of fact and conclusions of law in her favor were entered February 9, 1921. There the matter rested until May, 1936. On that date she filed her verified petition for final decree nunc pro tunc as of August 10, 1921. To this one John E. Fifer (hereinafter referred to as Fifer) filed verified objections. Perdew did not appear. Evidence was taken and findings and judgment entered against Alfreada. To review that judgment she prosecutes this writ and asks that it be made a supersedeas. Fifer's right to appear is contested, but in view of the fact that we are now disposing of the case on its merits we pass that question. Alfreada says the court was bound to grant the relief demanded, or that at most it was discretionary and its refusal, under the facts, a clear abuse. Fifer says the court had no jurisdiction to grant the relief, but if discretionary that discretion was properly exercised.

The court found Perdew guilty of cruelty and nonsupport. Six months later Alfreada was entitled, under the statute and in the absence of contingencies which did not

arise, to final decree. It was neither applied for nor entered. August 19, 1921, she married Fifer. They lived together over eleven years, then separated, and have since lived apart and done some litigating. She is now prosecuting an action against him for separate maintenance. He is defending on the ground, inter alia, of no marriage. Since that defense fails if this decree is entered nunc pro tunc he protests such entry. It is asserted, and not denied, that Perdew has since remarried and that a child has been born to that union. Hence the harm which follows a failure to grant the relief demanded is that two couples have for years maintained bigamous relations and a child is bastardized. The harm which follows its granting is that Fifer will be deprived of his defense of no marriage in an action against him for separate maintenance by the woman whom, for fifteen years, he has held out to the world as his lawful wife.

■ Alfreada says in her petition that in August, 1921, she instructed her attorney (since deceased) to apply for final decree, as she wished to remarry; that she was later told by him that he had attended to it; that she inquired at the office of the clerk of the court if the decree had been entered and was told by an employee there that it had; and that so believing she married Fifer. She so testified at the hearing. It is strenuously contended that such evidence was incompetent and immaterial, but since the attorney, the clerk of the district court, and the trial judge, were all dead, it was the best evidence obtainable under the circumstances, and the state being a third party, though too often a silent one, to all marriages and divorces and interested in straightening out this tangle, the matter was material. The trial court held: that Alfreada's evidence on these points was "untrustworthy and incredible"; that it was without power to enter the decree; and that, if discretionary, justice did not require it. We are unable to agree.

■ 1. As to the evidence: No one contradicted Al-

freada. Against her assertions the court, as appears from the record, weighed the known standing and reputation of her counsel and the improbability of the information alleged to have been received in the clerk's office. But the evidence discloses that the attorney, at the time, was suffering from the malady which later caused his death and was greatly distressed both physically and mentally. We are therefore in as advantageous a position to pass upon this testimony as the trial court and we think it should stand; particularly in view of the fact that the future conduct of all these parties over a long period of years clearly demonstrates that they were all of the opinion that this decree had been entered.

2. The general rule is that judgments will be entered nunc pro tunc only when they have actually been rendered and the entry omitted. But there are cases where they may be thus both rendered and entered. 34 C. J., p. 71, §204. Some language has been used by this court to indicate that such exceptions do not exist in this jurisdiction. *Board of Control v. Mulertz,* 60 Colo. 468, 473, 154 Pac. 742. But an examination of that case discloses that thus far the language was dictum. In any event there is nothing to suggest that it is applicable to a cause in which the state is vitally interested. Courts have inherent power to so enter judgments in the furtherance of justice. 34 C. J., p. 71, §205. Application for such a judgment is addressed to the sound discretion of the court. Id. §207. It may be both so rendered and entered where the cause was ripe for judgment and one could have been entered at the date to which it is to relate back, provided the failure is not the fault of the moving party. Id. §§208, 209, and 210. It therefore becomes material in the instant case to ascertain if Alfreada was at fault. It may be so rendered and entered, notwithstanding the passage of time, where the delay was the result of a mutual understanding. Id. §212, n. 59[c]. If so it may certainly be entered in the interest of justice where the delay was the result of a mutual

misunderstanding. There are of course authorities which hold that such decrees may not be rendered and entered in divorce actions. *Corbett v. Corbett,* 113 Cal. App. 595, 298 Pac. 819. We think, however, that they are contrary to the rule in this jurisdiction. *Diebold v. Diebold,* 79 Colo. 7, 243 Pac. 630. As to the Diebold case it is said that no appeal or writ of error had been prosecuted to the judgment so entered and that the attempt was to impeach it in a collateral proceeding. It so appears. But the argument overlooks this vital point; the whole contention against the relief here sought is that such a judgment would be an absolute nullity. This is the doctrine upon which such cases as *Corbett v. Corbett, supra,* rest. But absolutely void judgments may be attacked collaterally. 34 C. J., p. 509, §811. We therefore conclude that the power of the court to render and enter the judgment here prayed for is recognized in the Diebold case.

3. It is contended that judgments can be neither rendered nor entered nunc pro tunc where such action adversely affects the rights of third parties, and that since Fifer will be thus adversely affected he is entitled to the protection of this rule. To this there are two answers: First, he will thus be adversely affected only as to his right to defend the separate maintenance suit on the ground of no marriage; but the entry is in fact to his advantage, because it will relieve him from the stigma of bigamy; second, even if to his disadvantage he can not complain because he was primarily at fault in the contracting of this marriage before the entry of final decree. The record discloses that Fifer himself filed the verified application for the marriage license issued to himself and Alfreada, and therein swore that her divorce decree had been entered August 9, 1921.

Our conclusion is that the rendition and entry of the judgment nunc pro tunc as prayed for was within the discretion of the court; that Fifer was no innocent third person who would be adversely affected by it; that the

record shows that all persons concerned had acted over a period of years in the firm belief that the judgment had been entered; that the ends of justice and the interests of the state demand that what should have been done, and what everyone believed had been done, and the doing of which could injure no one, should have been ordered, and that it was error for the trial court otherwise to exercise the discretion so vested in it.

The judgment is accordingly reversed and the cause remanded with directions to enter the decree nunc pro tunc as prayed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.