No. 15,435.

NETLAND *v.* BAUGHMAN.
(162 P. [2d] 601)

Decided September 24, 1945.   Rehearing denied October 22, 1945.

Mr. T. E. MUNSON, for plaintiff in error.

Mr. JOHN G. REID, Mr. JEAN S. BREITENSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS proceeding in error arises out of a suit to quiet title to approximately 2,500 acres of agricultural land, instituted by defendant in error, as plaintiff, against some forty odd defendants, of which plaintiff in error was one. Herein the parties will be designated by the appellations attending in the trial court. Upon the basis that defendant, a nonresident, as well as a number of other such, had not appeared within the period allowed following publication of the summons, their default was ordered on November 17, 1942, and on the same day a decree was entered quieting title in the premises involved in plaintiff. On November 28, defendant tendered an answer denying plaintiff's alleged ownership and possession of 160 acres of the lands included in the suit. Since the default of defendant had been taken and a decree entered previously, as above indicated, the clerk declined to file the tendered answer. Approximately two weeks thereafter defendant, averring she had a meritorious defense, interposed a motion to set aside the judgment against her. In June, 1943, this motion was denied. The validity of that ruling is the sub-

ject of this review instituted by defendant. The matter stands here on application for supersedeas and pursuant to the request of the parties, we have elected to make final disposition at that level.

Substantially, as points for reversal, defendant specifies that the judgment against her should have been vacated, since, as said: (1) Default was taken and judgment entered prematurely; (2) The attempted service by publication was improper and the proceedings therefore defective, as a consequence of which the court never obtained jurisdiction of the person of defendant, and, (3) Defendant's showing of inadvertence arising from the mistake and excusable neglect of her then counsel in failing to timely plead in her behalf, properly entitled her to relief under R.C.P. Colo., Rule 60 C (b).

We have concluded that reversible error is established under the first contention as above enumerated, i.e., that as against defendant, default was taken and judgment entered prematurely.

Under R.C.P. Colo., Rule 4(h), service by publication is completed on the day of the last publication. R.C.P. Colo., Rule 12 C (a) requires a defendant served by publication to answer "within thirty days after service thereof on him."

██ ██ It is well established in this jurisdiction that after constructive service by publication, a judgment by default entered before the expiration of the time allowed to plead or answer, is premature. *Seeley v. Taylor*, 17 Colo. 70, 28 Pac. 461; *Morton v. Morton*, 16 Colo. 358, 27 Pac. 718; *O'Rear v. Lazarus*, 8 Colo. 608, 9 Pac. 621; *Brown, et al. v. Tucker*, 7 Colo. 30, 1 Pac. 221; *Skiles v. Baker*, 6 Colo. 295; *Conley v. Morris*, 6 Colo. 212; *Sylph M. & M. Co. v. Williams*, 4 Colo. App. 345, 36 Pac. 80. In a direct proceeding to review a judgment shown to have been so entered prematurely, a reversal for error *must* be granted. *Brown v. Tucker, supra.*

██ Although not applicable here, a different rule attains where the attack is *collateral*. In such case a

judgment prematurely entered is considered voidable only and not subject to collateral assault. *Brown v. Tucker, supra.*

██ ██ In the case at bar the affidavit of the publisher recites that the first publication of the summons was on September 18, 1942, and the last thereof on October 16, 1942; however, at the bottom of the advertisement as printed and continuously published, appears the following: "First Publication: Sept. 18, 1942, Last Publication Oct. 18, 1942." As has been mentioned, the default was taken and the judgment entered on November 17, 1942. Counsel for plaintiff say, "that the prompt entry of the decree was due not to unseemly haste but to the fact that the district court is held in Lincoln county but a few times each year and hence the attorneys make it a practice to attend to all possible matters," at each of such infrequent sessions. In any event, simple calculation discloses that if the thirty day appearance time the law accords defendant is reckoned from October 18, default and judgment were had one day before the expiration of the period, whereas, if October 16 is taken as the authoritative date, such entries were not premature. Thus, the solution of the dilemma must rest upon the determination of which of said dates control in the computation of the period after which default and judgment might be entered lawfully.

Counsel for plaintiff refer to the advertised dates of the first and last publications as a "voluntary and gratuitous statement found immediately after the summons," and assert it "is not a part thereof." Although our attention is called to no statute expressly providing for the inclusion of such dates in the published advertisement, it would appear their imperative significance herein may not be so minimized. We think such is demonstrated by the holding and opinion in *Von Arx v. Boone,* 193 Fed. 612, 113 C.C.A., 480. While therein the attack on the judgment was collateral, it would seem that no dilution of the principle announced should re-

sult because, as here, the challenge happens to be direct. Concerning this subject the court in its opinion states:

"It is claimed that the summons so published was void for failure to state the time within which the defendant was required to answer the complaint. The summons as published required the defendant Smallwood to appear 'within 30 days after the completion of the period of publication of this summons,' and it was dated April 25, 1908. Below the signature of the attorney for the plaintiff. it contained these words: 'First pub May 2, 1908 Last pub June 13, 1908.' Where a collateral attack is made upon a judgment, as in the present case, it should be held that all the words of the published summons, no matter where their location, should be taken into consideration in deciding whether the defendant was sufficiently advised of the things made essential by the statute, and we hold that the words in the published summons appearing below the signature of the attorney should be taken as part thereof. When so taken, there can be no question that the defendant was advised thereby of the date of the last publication of the summons, and, knowing that date, he knew, of course, from the express words of the summons the date at which he was required to appear and answer. It is argued that, as the words showing the date of the first and the last publication follow the signature of the attorney for the plaintiff, there is nothing to show that they were authorized by the plaintiff, and that for aught that appears to the contrary they may have been placed there by the printer. But we do not consider the position of those words important.

"They were there as a part of the published notice. It must be presumed that they were there by authority. The defendant could not have read the summons without seeing them. Williams v. Pittock, 35 Wash. 271, 77 Pac. 385; Shinn v. Cummins, 65 Cal. 97, 3 Pac. 133."

These critical dates were no less obvious in the advertisement herein and they indelibly appear on the printed

copy of the summons as published attached to the affidavit of publication which was before the court when the default of defendant was taken and judgment entered against her.

We conclude that the statement setting forth the dates of the first and last publications, as herein made, must be taken as an essential part of the summons as published and that in the circumstances attending, the last thereof, October 18, governs in the computation of the time within which default might legally be taken and judgment entered. "It is therefore apparent that there was no authority for the entry of either default or judgment at the time the same were entered." *Morton v. Morton, supra,* p. 360.

Counsel for plaintiff concede that if defendant "had attempted to appear within 30 days from October 18, she might possibly have ground for complaint," but say that her failure in such respect precluded the attack in review. Defendant's direct motion to vacate was filed long before the passage of any of the periods of limitation expressed by R.C.P. Colo., Rule 60. The argument of counsel for plaintiff is fallacious in that he does not take into consideration that, having been attempted *without any authority whatsoever,* the premature actions of the court on November 17, in effect were nullities and without prospective force or effect as against a defendant who moved for their vacation in the timely procedure herein followed. Likewise, such situation obviates the need of any expression from us as to the sufficiency of defendant's tendered answer. In view of the nature of the relief sought by defendant, our holding on the phase of the case hereinabove stated, dispenses with the necessity of considering the other specified points.

Accordingly, as to plaintiff in error, the judgment is reversed and ordered vacated with the direction that she be accorded reasonable opportunity to answer as she may be advised.