No. 18,863.

JESSIE BEARDSHEAR *v.* MAME L. BEARDSHEAR.
(352 P. [2d] 969)

Decided June 6, 1960.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for plaintiff in error.

Mr. John T. Dugan, for defendant in error.

*In Department.*

Opinion by Mr. Justice Doyle.

Plaintiff in error was the defendant in the trial court in an action instituted by defendant in error as plaintiff. The parties will be referred to as they there appeared. The judgment awarded a partition and decreed an accounting of rents. Plaintiff's claim was based on a sheriff's deed obtained at an execution sale. This execution had been issued in a divorce action involving the plaintiff and William Beardshear who has since died and to whom we shall refer as William. Defendant was William's second wife, the plaintiff his first wife, divorced from him. William had failed to pay alimony in the amount of $20.00 per week and the execution referred to had issued to enforce the unpaid installments.

The divorce decree which contained the order for the payment of alimony was entered on September 13, 1943. On May 12, 1955, plaintiff's attorney requested a writ of execution from the Clerk of the District Court for arrearages amounting to $3,571.36. Although the divorce decree had not provided for payments into the registry of the court, the execution was nevertheless issued in the amount requested by plaintiff's attorney. The clerk merely checked the decree. At that time the only step taken by William in opposition to the execution was the filing of a claim of exemption with respect to the interest of his wife, the defendant in the present action. It was William's interest in a house owned by him and defendant in joint tenancy which was sold to plaintiff at the sheriff's execution sale.

The defendant's position is that the failure of the plaintiff in the divorce action to file a formal motion seeking the entry of a definite money judgment renders all of the present proceedings void. Defendant does *not*

contend that the amounts were not owing nor that William was entitled to a hearing at the time. In fact, the defendant concedes that it was proper for the plaintiff to obtain an execution based upon the divorce decree without the formality of a hearing. Reduced to its simplest terms the defense argument is that failure to observe the formality of filing a verified motion and obtaining an order for the entry of a definite money judgment for the accumulated arrearage, renders the execution and all of the present proceedings void.

The trial court conceded that the procedure followed was erroneous and noted that "The procedure for obtaining a writ of execution in cases involving arrearages of periodic alimony payments was the accepted and customary practice at that time by the Clerk's office. Some months prior to the date of these findings, the existence of said practice was brought to the attention of the undersigned Presiding Judge of the District Court who immediately ordered the Clerk to cease such practice in the future."

The court concluded, however, that this fact did not serve to void the judgment. It further reasoned that since the judgment was not void it was not subject to collateral attack in the present proceedings.

The issue for our determination is whether the failure to obtain a definite cumulated money judgment prior to the issuance of an execution serves to render the subsequent proceedings void rather than erroneous.

▇ Although we share the viewpoint of the trial court that the practice followed in divorce cases of merely applying to the Clerk for the issuance of an execution of accrued payments rather than observing the formality of obtaining a court order is undesirable procedure, we do not agree with the argument of the defendant that this renders the judgment void and thus subject to collateral attack. Cf. *Perdew v. Perdew,* 99 Colo. 544, 64 P. (2d) 602; *Davidson Chevrolet, Inc. v. City*

*and County of Denver,* 138 Colo. 171, 330 P. (2d) 1116. *Thompson v. McCormick,* 138 Colo. 434, 335 P. (2d) 265. Cf. also *Netland v. Baughman,* 114 Colo. 148, 162 P. (2d) 601.

Jurisdictional infirmities are not present in the case at bar.

 The factor which we deem determinative is that under our statute, C.R.S. '53, 46-1-5, as construed in previous decisions, mature installments in a divorce decree are final judgments. The statute referred to provides that the court may "enforce the payment thereof by execution or imprisonment."

In *Burke v. Burke,* 127 Colo. 257, 255 P. (2d) 740, the opinion by Mr. Justice Knauss quoted with approval the following language from *Kephart v. Kephart,* 193 F. (2d) 677:

"Each installment which matures under a decree which has not been modified becomes a judgment debt similar to any other judgment for money. The original decree is final in character with respect to each matured installment and so cannot be challenged here and should not be challenged elsewhere. It is therefore unnecessary to seek in the original action a 'money judgment,' although, upon a showing made to the court of the amount of the matured installments which remain unpaid, it is not improper for the District Court to note of record the amount which is then due under the original judgment." and further declared:

"In the instant case the husband does not dispute the amount of the arrearage. The action of counsel for the wife to have judgment for the arrears entered, was the usual and ordinary procedure, and authorized by section 8, chapter 56, '35 C.S.A., supra. Under this section the district court was authorized to order the issuance of an execution, and the husband was not prejudiced by the entering of judgment for the correct total amount due under the decree."

Decisions rendered since *Burke* have continued to adhere to its recognition of accrued installments as final judgments. See *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602; *Jenner v. Jenner,* 138 Colo. 149, 330 P. (2d) 544. In *Jenner* it was said:

"The husband does not deny owing the amounts for which judgment was entered, but complains he was not notified of the entry of judgment. No notice was necessary."

See also *Allingham v. Allingham,* 141 Colo. 345, 348 P. (2d) 259.

Since the payments in question are, under our practice, considered final and not modifiable, and since we have recognized that execution can issue without notice, it is impossible for us to accept defendant's contention that the execution here issued without the benefit of a court order is void and that it contaminates all subsequent proceedings based on it. No doubt William could have quashed the writ by proceeding in the divorce action with a timely motion. He failed, however, to take any effectual action and we must conclude that the trial court's appraisal to the effect that the proceeding in the divorce action was at most erroneous and not void, and therefore not subject to collateral attack, was a correct determination.

█ The further contention that the judgment is faulty because the plaintiff in the present partition action failed to join the holder of the deed of trust must also be rejected. The trial court's ruling that the partition action could have no effect on the rights and interests of the mortgage holder was correct, the holder of the deed of trust not being an indispensable party. See 3 Moore, *Federal Practice,* 2150.

In paragraph 10 of its findings the trial court reserved jurisdiction looking to a further hearing for the purpose of selling the premises in question and making fair and equitable distribution of the proceeds. Such further pro-

ceedings should be had following issuance of the remittitur herein.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.