## No. 26205

Joseph F. DeBoer, As Administrator of the Estates of John DeBoer and Mary DeBoer, and as next friend and guardian of John DeBoer, Jr., and Mary Darlene DeBoer, Minors v. District Court, First Judicial District, State of Colorado, and George G. Priest, Judge Thereof

(518 P.2d 942)

Decided February 4, 1974.          Rehearing denied February 25, 1974.

L. B. Ullstrom, for petitioner.

Blunk, Johnson & Allspach, Wayne L. Johnson, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding, C.A.R. 21, seeking relief in the nature of mandamus. Petitioner is the administrator of the estates of John and Mary DeBoer, and will be referred to in that capacity. Respondent court has previously set aside a default judgment obtained by the administrator in favor of the DeBoer estates against Continental Aviation Company, Inc. The administrator sought review of the adverse action of the respondent court in the Court of Appeals, where the appeal was dismissed on the ground that the trial court judgment was not final. We denied certiorari as to that issue.

The administrator then brought this original proceeding, requesting that the action of the respondent court be prohibited and that we direct the prior judgment be reinstated. We issued an order to show cause why such relief should not be granted and the parties have briefed the issues in this court. We make the rule absolute.

The facts, pleadings and briefs present a complex controversy. The issues presented here have their origin in a plane crash which took the lives of John and Mary DeBoer. In May 1969, the administrator filed a suit for wrongful death in his capacity as the administrator of the DeBoer estate and as guardian for the minor children left parentless by the crash. Three defendants were named: Kensair Corporation, Command Aviation Company, and Continental Aviation Company. Each defendant obtained counsel, filed answers denying liability and the matter was set for trial.

On April 11, 1972, trial was had. Defendants Kensair and Command appeared by counsel. Counsel for defendant

Continental had previously been permitted to withdraw on January 10, 1972, and *no other counsel appeared at trial. Nor did Continental appear by any officer or representative.* Before the trial started, the administrator's counsel moved that default be entered against Continental. Trial was then had against the other defendants. On April 13, 1972, verdict was returned against the administrator. On April 14, 1972, however, respondent court entered a default judgment against Continental on the grounds that they had failed to appear for trial in person or by counsel. C.R.C.P. 55. That judgment was not appealed from by Continental, nor was any attempt made by Continental to have respondent court set aside the judgment. C.R.C.P. 60.

On July 17, 1972, the administrator filed writs of execution and garnishment in respondent court. The named garnishees were the insurers of Continental. On August 14, 1972, the garnishees filed answers, denying liability, and the matter was set for hearing on November 13, 1972. On that date, the hearing was held, but *Continental made no appearance.* Nonetheless, at the conclusion of the hearing, the court declined to enter judgment against the garnishees, but instead vacated the default judgment of April 14, 1972. Thereafter, the administrator filed a motion to vacate the court's order setting aside the default on November 17, 1972, and, as a precautionary measure, sent a "notice to apply for judgment" to Continental Aviation, advising that the administrator would take judgment against Continental on November 27, 1972. Continental again failed to appear ·and respondent court re-entered judgment against Continental.

On December 1, 1972, counsel for the absolved defendants, Command and Kenair, acting on behalf of those defendants and the garnishee-liability insurers, *but not on behalf of Continental,* filed a motion to set aside the judgment entered November 27, 1972 and to have the garnishment proceedings stayed until the liability of the garnishees under the contract for insurance could be determined. A hearing on the motions was set for January 29, 1973. On December 20, 1972, administrator's counsel, acting

on the basis of the new judgment of November 27, 1972, filed a second writ of garnishment. The merits of that garnishment were to be heard on March 1, 1973. Following the January 29 hearing on the issues of declaratory relief and the liability of the garnishee insurers, however, the court, again, set aside the default judgment.

The administrator appealed that order to the Court of Appeals, which denied the appeal. We denied certiorari. This original proceeding was then brought.

The only issue before the trial court in the garnishment proceeding was whether the garnishee had property or funds of the judgment creditor which should be paid to satisfy the judgment. We make no determination of the merits of the answer by the garnishee on that issue and hold that the one question dispositive of the controversy here is whether the trial court had jurisdiction to invalidate the default judgment. In other words, the question is whether, where a default judgment has been entered and made final, it is a proper subject of collateral attack. We hold such attack is improper, particularly by strangers to the original action, although the rule prohibiting such attack applies to parties as well.

It has long been the rule in this state that a judgment, whether obtained by default or in the ordinary course of proceedings, is entitled to complete legal effect. *Bettcher v. State ex rel. Colorado General Hospital,* 140 Colo. 428, 344 P.2d 969 (1959). As a corollary proposition, a default judgment may only be the subject of collateral attack when the trial court lacked jurisdiction over the parties or the subject matter. *Hill v. Benevolent League of Colorado Travelers Ass'n.,* 133 Colo. 349, 295 P.2d 231 (1956). Otherwise, a default judgment is not the proper subject of collateral attack. *Netland v. Baughman,* 114 Colo. 148, 162 P.2d 601 (1945); *Taggart v. Fugel,* 46 Colo. 401, 105 P. 1090 (1909). *See also Beardshear v. Beardshear,* 143 Colo. 293, 352 P.2d 969 (1960); *Riehle v. Margolies,* 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929); J. W. Moore, *Federal Practice,* § 55.09 (1973 Supp.); Note, *Extending*

*Collateral Attack: An Invitation to Repetitous Litigation,* 59 Yale L.J. 345 (1949). In this case it is not argued that the court at the time judgment was entered did not have jurisdiction over the parties or the subject matter. In fact the record sufficiently shows that the court did have complete jurisdiction.

In short, the various proceedings below, whether denominated as declaratory, ancillary or as part of the garnishment hearing, were collateral to the personal injury lawsuit which culminated in the default judgment in favor of the administrator and against Continental. As such, they were improper and respondent court had no authority to set the judgment aside.

The rule is made absolute, and the respondent court is ordered to reinstate the judgment.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.