David COOK, Appellant,

v.

Connie M. COOK and James B. Nutter & Co., a Corporation, Respondents.

No. 54299.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 1, 1988.

Irvin Dubinsky, Sarah B. Scott, St. Louis, for appellant.

Claude Hanks, St. Louis, for respondents.

CRIST, Judge.

David Cook (father) appeals from a judgment arising out of a dissolution decree which provided for the sale of the residence of the father and Connie M. Cook (mother) after their child became emancipated. We affirm in part, reverse in part, and remand.

The marriage of father and mother, parents of a minor daughter, was dissolved on November 13, 1979. The dissolution decree provided:

> [Residence] to [mother] so long as minor child is in school and is unemancipated ... [mother] shall make all payments on the deed of trust account against said property and shall pay for repairs and maintenance, subject to right to credit for all deed of trust payments and for alterations and repairs equal to or exceeding $100 per instance. Property to be sold and net proceeds from sale of property to be shared equally after credits given, when minor child is 21, emancipated, or is no longer in school and is self-supporting.

Mother made the mortgage payments, and on August 3, 1984, daughter was emancipated.

On August 27, 1984, father filed a petition seeking partition of the marital residence. Father named mother and the holder of the note and deed of trust (holder) as parties, but holder was never served with process. Mother continued to occupy the residence and make the mortgage payments throughout the proceedings. She also made several repairs.

On September 12, 1985, father and mother appeared, mother admitted the allegations of father's petition and they jointly requested the appointment of a special commissioner to effect sale of the property. Commissioner was appointed to sell the residence subject to existing liens in accordance with the procedure outlined in § 528.570 et seq. RSMo 1986.

Apparently father and mother abandoned this order because on February 19, 1987, father, by leave of court, filed his first amended petition asking for partition and an accounting of rents and profits from the date of daughter's emancipation.

On September 3, 1987, the parties again appeared, announced ready for trial and presented evidence. On October 7, 1987, the trial court entered a second partition order. The court approved the commissioner's appraisal of the property and ordered the sale of the property to mother at the appraised price, with credit to mother for all mortgage payments and repairs made, less one-half the rental value of the home from the date of daughter's emancipation.

It was father's duty to provide the court with a complete record on appeal. *Morovitz v. Morovitz*, 693 S.W.2d 189, 191[5] (Mo.App.1985). Father has failed to present a transcript of the proceedings, and has only provided a partial legal file.

Father first asserts mother is not entitled to credits for the cost of repairs, maintenance and deed of trust payments she made after the emancipation of daughter. He states the order of the dissolution court requiring credits was not in the form of a property settlement, but was an obligation for support of daughter, and pursuant to

§ 452.370.3, RSMo Supp.1987, ended on daughter's emancipation.

Prior to the dissolution decree, the parties owned the home as tenants by the entirety. The decree was not an obligation for support, but instead effected a final disposition of the property as required by § 452.330, RSMo 1986 and by operation of law converted the parties' ownership to a tenancy in common. *Buchanan v. Graf,* 671 S.W.2d 379, 382[2][4] (Mo.App.1984). Its effect was to restrict the parties' right to partition until daughter was emancipated. *Dutton v. Dutton,* 668 S.W.2d 585, 590[10] (Mo.App.1984). Daughter's emancipation did not affect either father's or mother's rights as tenants in common.

As a tenant in common, mother was entitled upon partition to credit for repairs made to the residence upon a showing the repairs were made in good faith, were of necessary and substantial nature, materially enhanced the value of the property, and it was equitable to reimburse. *Knowlton v. Knowlton,* 673 S.W.2d 502, 505[5] (Mo. App.1984).

Without a transcript, we do not review the sufficiency of the evidence that led the trial court to conclude mother acted in good faith and that equity required her to be credited for her repair expenses. *In re Hukreda's Estate,* 172 S.W.2d 824, 825[1] (Mo.1943). In its order, the trial court stated the repairs were necessary to maintain the value of the property. These credits were not error because the repairs benefited both father's and mother's interest in the value of the property.

By the same analysis, mother was entitled to reimbursement for payments on the note secured by a deed of trust on the property. *Brooks v. Kunz,* 637 S.W.2d 135, 139[5] (Mo.App.1982). Mother made all such payments after the dissolution decree. The court did not err in giving mother credits for these payments because they also benefited both father and mother. Mother's payments increased the parties equity interest in the property, and were necessary to prevent repossession by the holder of the note.

Father next asserts the court was in error by not serving holder. He asserts holder was a necessary party. He named holder as a defendant in both his original and amended petitions, yet admits holder was never served. Father had thirty-six months before the final decree to assure holder was served and joined. He cannot now be heard to complain of error for which he was responsible. *Hilton v. Crouch,* 627 S.W.2d 99, 102[2] (Mo.App. 1982). Besides, holder was not an indispensable party. *Beardshear v. Beardshear,* 143 Colo. 293, 352 P.2d 969, 971[3] (1960). His interest was protected because the property could only be sold subject to the mortgage and deed of trust. *State ex rel. Adkins v. Grugett,* 228 Mo.App. 8, 63 S.W.2d 413, 415[2] (1933).

Finally, father proffers the sale to mother was error because it was not a public sale. The trial court appointed a commissioner, who appraised the property, and mother bid this amount. The trial court ordered father to execute the sale to mother.

Section 528.590 requires partition sales of real estate by commissioners or sheriffs to be sold at public auction. Since the property was not sold at public auction that part of the judgment must be reversed and remanded for a public sale of the property.

Judgment is affirmed except for that part ordering the sale of the home to mother. That part is reversed and remanded with instructions that the home be sold at a public sale, and after payment of expenses of sale, the proceeds from such public sale be divided in accordance with the original judgment.

CRANDALL, P.J., and REINHARD, J., concur.